DUCKWORTH and NORWOOD v. DUCKWORTH et al.

(Filed 22 May, 1907).

1. **Partition—Statute of Limitations—Account—Appeal.**—No order of reference to take and state an account should be made in partition proceedings when there is a plea in bar of account which goes to the entire demand, until the plea has first been considered and determined; an appeal by the defendants from such order is proper when, under plaintiffs' petition for the sale of lands alleged to be held in common, he avers sole ownership and pleads the statute of limitations.

2. **Statute of Limitations—Pleadings—Sufficiency.**—The statute of limitations is sufficiently pleaded for title under adverse possession if it appears by plain and reasonable intendment that defendants assert as a fact that they had adverse possession of the lands for twenty consecutive years.

PETITION for sale of lands for division, transferred from Superior Court Clerk and heard before *Cooke, J.,* at April Term, 1907, Superior Court of TRANSYLVANIA County.

Defendants excepted to an order by which the cause was referred for the purpose of stating an account of the estate of William Duckworth, under whom the parties claimed, in order to ascertain whether any of the claimants had been fully advanced, and appealed.

*Merrimon & Merrimon, G. A. Shuford, Shepherd & Shepherd* and *Davidson, Bourne & Parker* for defendants.

No counsel *contra.*

HOKE, J.   The plaintiffs file their petition for sale of the lands described therein, claiming that plaintiffs and defendants are tenants in common and own the said lands as heirs at law of William Duckworth, deceased, and as assignees of such heirs at law.

Defendants answer and deny that plaintiffs and defendants are tenants in common, because, as the said answer avers, "The plaintiffs have received their full share of the

DUCKWORTH *v.* DUCKWORTH.

estate of William Duckworth in real property in the town of
Brevard, N. C., and which was received prior to the death of
William Duckworth, and defendants aver that they are sole
owners of all the lands," etc.   And defendants answer fur-
ther, and say: "The defendants, for a further defense, plead
the statute of limitations of twenty years' adverse possession,
under known and visible lines and boundaries in such cases
provided, as a bar to plaintiffs' recovery.

It has been established with us that no order of reference
to take and state an account should be made when there is a
plea in bar of account which goes to the entire demand until
said plea has been first considered and determined. And it
is further held that when such an order has been improperly
made, the litigant who is prejudiced may at once appeal.
*Jones v. Wooten,* 137 N. C., 421.

In the case before us the first plea of sole seizin would not
be in bar of an account, because by its very terms it is placed
on a ground that makes an accounting necessary; but the
second plea, that of sole seizin by reason of twenty years'
adverse possession, does raise such an issue, and no order for
an accounting should have been made until the same had been
determined.

The appeal itself and the exception noted in the record suf-
ficiently raises the question of the validity of the order, and
no statement of the case on appeal was required.   *Railroad v.
Stewart,* 132 N. C., 248.

It is urged that the statute has not been sufficiently pleaded
and that the allegation of the defendants addressed to that
question should be ignored.   But we do not take that view of
the defendants' plea.   While it is not very full and precise,
"nor to be commended as a model," as said in one of the
decisions on the subject, we think it appears, by plain and
reasonable intendment, that defendants assert, and intended
to assert as a fact, that defendants had held adverse posses-

,sion of the lands in question for twenty consecutive years, under known and visible lines and boundaries; and that, under the authorities, the statute should be held as sufficiently pleaded. *Threadgill v. Comrs.,* 116 N. C., 616; *Grady v. Wilson,* 115 N. C., 345; *Pemberton v. Simmons,* 100 N. C., 316.

The order of reference will be set aside and the trial proceeded with in accordance with this opinion.

Reversed.