Civil action in ejectment, for recovery of damages for alleged trespass and for removal of cloud upon title.
Plaintiff alleges that it is the owner in fee and entitled to the possession of certain specifically described tract of land containing 228 acres and lying on the headwaters of the west fork of French Broad River in Transylvania County; that defendants have entered into unlawful possession of same, and committed acts of trespass thereon to its damage; that it acquired title under Grant No. 230 issued by the State of North Carolina to George Latimer in 1796, through mesne conveyance, and under grants junior thereto through mesne conveyances; and that defendants claim title adverse to it under certain specified grants through mesne conveyances, all of which are clouds upon the title of the plaintiff.
Defendants deny the title of plaintiff and aver, by way of defense, that Grant No. 230 is void, for that at the time of its issuance the lands covered by it were withdrawn from entry and grant by reason of certain Indian treaties, but which later became the subject of entry and grant; that if located according to the courses and distances called for and without regard to the objects and lines of other tracts called for in the grant, it will probably lap on about 248 acres of land claimed by the defendants which are parts of three tracts of land described in certain deeds to E. H. Jennings; that if plaintiff ever had title to the land within the lappage, if any, of the 248 acres, which they deny, plaintiff has been divested of that title, and title thereto has been vested in the defendants by reason of seven years adverse possession by them under color of title, which possession as a statute of limitation is a plea in bar of plaintiff's right to maintain this action. *Page 245 
Defendants further aver that it will be necessary to have a complete survey for the purpose of locating that part of Grant No. 230 claimed by the plaintiff to determine whether the same can be located, and if it can be located, according to the courses and distances called for in the grant without regard to the objects and lines called for, a survey should be made of the lands of the defendants that are lapped upon by said grant in order to determine the exact extent of the lappage, and to do such surveying as may be necessary to locate the old Indian Treaty line, known as the Meiggs and Freeman line, lands west of which it is claimed were not subject to entry in 1796, and to determine its position with respect to the lands described in the complaint.
The court below, finding from the pleadings, and especially the answer of the defendants and statements of counsel on both sides as to the contention of the parties, that the pleadings raise a complicated question, not only as to boundary but also as to title, ordered compulsory reference. From this order defendants appeal to the Supreme Court, and assign error.
Defendants contend that a compulsory reference cannot be ordered until their alleged plea in bar has been determined. If it be conceded that the statute relating to the ripening of title by seven years adverse possession under color of title may be invoked as a plea in bar, there is still a complicated question of boundary within the meaning of the statute, C. S., 573 (3), presented on the pleadings in this case. The plea presents it.
The defendants rely upon Duckworth v. Duckworth, 144 N.C. 620,57 S.E. 396. The decision there is clearly distinguishable by reason of different factual situation. Here, in any event, there is a complicated boundary dispute.
The judgment below is
Affirmed. *Page 246