## SCOTT POULTRY COMPANY v. BRYAN OIL COMPANY.

(Filed 22 November, 1967.)

**1. Pleadings § 2—**

The nature of an action is not determined by what either party calls it, but by the issues arising on the pleadings and the relief sought.

**2. Ejectment § 6; Quieting Title § 1—**

An action in which plaintiff alleges title to the lands in question and that it is entitled to immediate possession thereof, that defendant claimed an interest therein adverse to plaintiff by virtue of an asserted deed, that such deed was void, and that defendant's claim is a cloud on plaintiff's title and that plaintiff is entitled to have the purported deed declared null and void and plaintiff declared the owner of the land, constitutes an action in ejectment, since the crux of the action is the obtaining of possession of the land by plaintiff under his claim of title.

**3. Pleadings § 7—**

Ordinarily it is for the trial judge to determine in its discretion whether in the circumstances of a particular case a plea in bar is to be disposed of prior to trial on the merits.

**4. Same—**

The effect of a plea in bar is to destroy plaintiff's action.

**5. Estoppel § 4; Equity § 2; Limitation of Actions § 1—**

Pleas of estoppel, laches, and the statutes of limitation are pleas in bar.

**6. Ejectment § 7—**

In an action in ejectment to recover possession of real property G.S. 1-56 cannot be applicable, and when defendant does not assert possession under a sheriff's deed upon tax foreclosure G.S. 1-52 does not apply, and G.S. 1-40 does not apply when defendant does not assert that he went into adverse possession for more than 20 years prior to the action.

**7. Adverse Possession § 17—**

A deed obtained from the purchase of land at the mortgage foreclosure sale constitutes color of title, even though the foreclosure sale was defective or void.

**8. Corporations § 12; Mortgages and Deeds of Trust § 28—**

An officer of a corporation may lend money to the corporation and take a deed of trust as security therefor where no unfair advantage is taken,

and therefore has the right to purchase at the foreclosure of such deed of trust.

**9. Estoppel § 4; Equity § 2; Judgments § 38—**

Defendant's pleas of estoppel, *res judicata* and laches are affirmative defenses upon which defendant has the burden of proof.

**10. Ejectment § 10—**

In plaintiff's action in ejectment, it is error for the court to enter judgment dismissing the action upon defendants' pleas of estoppel, laches, and seven years possession under color of title when the parties do not waive a jury trial and plaintiff does not admit all of the facts tending to establish defendants' pleas in bar.

APPEAL by plaintiff from *Clark, J.,* October 1966 Civil Session of WAYNE.

The complaint alleged that the purpose of this action is to remove cloud from title.

Plaintiff corporation alleged that it was the owner of and entitled to the immediate possession of the property in controversy (giving description of the property) and that defendant claims an estate or interest in the property adverse to plaintiff by virtue of a purported deed dated 9 November 1965 from E. W. Graves, Sr., *et ux,* recorded in Book 648 at page 434 in the Wayne County Registry; that defendant's claim was valid neither in law nor in fact because E. W. Graves, Sr., owned no valid interest in and had no valid claim to the property; that defendant's claim is a cloud on plaintiff's title to the property and plaintiff is entitled to have the purported deed to defendant declared null and void and plaintiff declared owner of the property.

Defendant denied the material allegations of the complaint and alleged it was the owner of the property in fee simple and was in lawful possession by virtue of a certain deed executed and delivered to defendant by E. W. Graves, Sr., and wife, dated 9 November 1965 and recorded in Book 648 at page 434 of the Wayne County Registry.

Defendant, in its further answer, defense and counterclaim, alleged fee simple ownership and lawful possession, *res judicata,* lack of legal capacity of plaintiff to sue, seven years adverse possession under color of title as provided in G.S. 1-38, the ten-year and the three-year statutes of limitations, estoppel, and laches.

Plaintiff's motion to strike certain portions of defendant's answer was denied.

Plaintiff alleged in its reply that the deed from E. W. Graves, Sr., and wife to defendant was executed on or about 12 November 1965, and defendant cannot claim adverse possession under color of

title other than by tacking its possession to the purported adverse possession of its grantor; that E. W. Graves, Sr., the purported grantor, was an officer of plaintiff corporation at the time he allegedly acquired a deed to the property and that as an officer of plaintiff corporation he could not legally hold title to the property adversely to that of plaintiff corporation. Plaintiff alleged that the purported foreclosure of the alleged deed of trust is null and void and of no legal effect; and if not null and void, the same is voidable, because there has never been a valid foreclosure under the terms of the deed of trust and the laws of the State of North Carolina; that at the purported foreclosure sale under the deed of trust, L. S. Hall was a "straw man" acting for and on behalf of E. W. Graves, Sr.; that defendant should be required to elect the theory upon which it defends this action in that the defenses of title by deed and by adverse possession are inconsistent.

A hearing was held before the judge of the Superior Court on the pleas in bar of seven years adverse possession under color of title as provided in G.S. 1-38, estoppel, laches, and *res judicata.* After hearing evidence as to the pleas in bar, the court upon its findings of fact and conclusions of law entered judgment dismissing plaintiff's action.

Plaintiff appealed.

*Turner and Harrison for plaintiff.*
*Dees, Dees, Smith & Powell and Smith & Everett for defendant.*

BRANCH, J.   Initially, we must decide whether this is an action to remove cloud upon title or a suit in ejectment, in order to determine the defenses available to defendant.

In the case of *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540, the plaintiffs alleged that they were the owners of the land in controversy; that defendant claimed under a void conveyance and was in wrongful possession. Plaintiffs asked to be declared the owners, the conveyance to defendant be canceled, and that defendant be ousted. The defendant denied plaintiffs' claim of ownership and alleged title in itself. The Court, deciding that this was an action in ejectment, stated:

> ". . . The nature of the action is not determined by what either party calls it, but by the issues arising on the pleadings and by the relief sought.
>
> . . .
>
> ". . . '. . . but where, as here, the defendants are in actual possession and plaintiffs seek to recover possession, the action is in essence in ejectment.' "

In the instant case the pleadings make out a cause of action in ejectment.

Plaintiff appealed from the lower court's judgment allowing several pleas in bar upon a hearing held before trial on the merits of plaintiff's cause of action.

Ordinarily, it is for the trial judge, in the exercise of his discretion, to determine whether in the circumstances of a particular case a plea in bar is to be disposed of prior to trial on the merits of plaintiff's alleged cause of action. *McAuley v. Sloan,* 173 N.C. 80, 91 S.E. 701; *DeLoache v. DeLoache,* 189 N.C. 394, 127 S.E. 419; *Bright v. Hood, Com'r. of Banks,* 214 N.C. 410, 199 S.E. 630. The record does not show whether the pleas in bar were heard by the court by agreement or in the exercise of the court's discretion.

The effect of a plea in bar is to destroy plaintiff's action.

In *Lithographic Co. v. Mills,* 222 N.C. 516, 23 S.E. 2d 913, this Court stated:

> " 'What constitutes a plea in bar has been considered and accurately defined by this Court in *Bank v. Evans,* 191 N.C. 538, as follows: "In a legal sense it is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action, a special plea constituting a sufficient answer to an action at law, and so called because it barred — *i.e.,* prevented — the plaintiff from further prosecuting it with effect, and, if established by proof, defeated and destroyed the action altogether." . . .' "

This Court has held estoppel, laches and statutes of limitations (including sole seizin by reason of twenty years adverse possession) to be pleas in bar. *Solon Lodge v. Ionic Lodge,* 245 N.C. 281, 95 S.E. 2d 921; *Duckworth v. Duckworth,* 144 N.C. 620, 57 S.E. 396.

Defendant pleaded G.S. 1-52 (three-year statute) and G.S. 1-56 (ten-year statute) in bar of any recovery by plaintiff. These statutes are not applicable to the present action in ejectment. The ten-year statute applies only to cases "not otherwise limited," and as to actions for recovery of real estate there are two statutes, G.S. 1-38 and G.S. 1-40, which are expressly applicable. *Williams v. Scott,* 122 N.C. 545, 29 S.E. 877. G.S. 1-52 relates to recovery of real estate only where property is sold for the nonpayment of taxes within three years after the execution of a sheriff's deed, G.S. 1-52(10), and is therefore not applicable. It is also evident that twenty years have not elapsed since defendant went into possession of the premises, and therefore G.S. 1-40 does not apply.

The remaining statute of limitation as to real property is G.S. 1-38, which provides:

"When a person or those under whom he claims is and has been in possession of any real property, under known and visible lines and boundaries and under color of title, for seven years, no entry shall be made or action sustained against such possessor by a person having any right or title to the same, except during the seven years next after his right or title has descended or accrued, who in default of suing within that time shall be excluded from any claim thereafter made; and such possession, so held, is a perpetual bar against all persons not under disability; Provided, that commissioner's deeds in judicial sales and trustee's deeds under foreclosure shall also constitute color of title."

A deed obtained from the purchase of land at a mortgage foreclosure sale constitutes color of title, even though the foreclosure sale was defective or void. *Corbett v. Corbett,* 249 N.C. 585, 107 S.E. 2d 165.

In connection with this plea in bar, the court found as a fact:

"6. E. W. Graves, Sr., was in continuous and uninterrupted possession of the subject property from the time the property was conveyed to him on October 19, 1950, until he conveyed it to Bryan Oil Company on November 9, 1965, his possession of subject property being under claim of ownership and under known and visible lines and boundaries and extending over all of the land up to the boundaries of the premises. He listed and paid taxes on the property during those years. He leased the premises during several years and collected all rents accruing therefrom."

However, the court concluded:

"5. The defendant's plea of title by adverse possession under G.S. 1-38 raises an issue of fact which may not be heard by the court as a plea in bar but must be tried by a jury."

Appellant contends that there can be no adverse possession since Graves, an officer of the corporation which executed the foreclosed deed of trust, became the purchaser of the foreclosed property.

There is nothing to prevent a stockholder or director from lending money and taking a lien on corporate property for security where no unfair advantage is taken. *Investment Co. v. Chemicals Laboratory,* 233 N.C. 294, 63 S.E. 2d 637. It logically follows that he has

the right to purchase at judicial or other public sale in order to protect his interest. 19 Am. Jur. 2d, Corporations, Sec. 1316, p. 723.

There was plenary evidence introduced at the hearing by defendant before Judge Clark to support the above finding of fact. Generally, when pleaded, G.S. 1-38 is a proper plea in bar to an action in ejectment.

The record does not reveal that jury trial was waived. Therefore we must decide whether the court sitting without a jury could properly enter judgment under a plea in bar pursuant to G.S. 1-38 and the remaining pleas in bar not hereinabove discussed.

> "Ordinarily, the bar of the statute of limitations is a mixed question of law and fact. But where the bar is properly pleaded and all the facts with reference thereto are admitted the question of limitations becomes a matter of law." *Mobley v. Broome,* 248 N.C. 54, 102 S.E. 2d 407; *Currin v. Currin,* 219 N.C. 815, 15 S.E. 2d 279; *Ewbank v. Lyman,* 170 N.C. 505, 87 S.E. 348. See also *Perry v. Southern Surety Co.,* 190 N.C. 284, 129 S.E. 721.

In the case of *Sparks v. Sparks,* 232 N.C. 492, 61 S.E. 2d 356, the complaint alleged that plaintiff owned certain land in fee simple; that he was in actual possession of the land; that defendants wrongfully claimed some interest in the land adverse to plaintiff; that he was entitled to judgment establishing his absolute ownership of the land and removing any adverse claim of the defendants as a cloud on his title. The answer conceded that plaintiff held title to a one-third undivided interest and averred that defendants were the fee simple owners of the other two-thirds undivided interest. When the cause came on for trial by jury and plaintiffs and defendants undertook to support their respective allegations by testimony, the court announced the adoption of certain issues, and although the parties had not waived trial by jury, the court proceeded to answer the issues in favor of the plaintiff. The defendants appealed. In setting aside the judgment of the lower court and ordering a new trial, this Court said:

> "The Constitution of North Carolina guarantees to every litigant the 'sacred and inviolable' right to demand a trial by jury of the issues of fact arising 'in all controversies respecting property,' and he cannot be deprived of this right except by his own consent. N. C. Const., Art. 1, Sec. 19. The Code of Civil Procedure provides that issues of fact must be tried by a jury, unless a trial by jury is waived or a reference ordered. G.S. 1-172.

"The defendants did not waive their constitutional and statutory right to have the issues of fact joined on the pleadings in this case tried by a jury. N. C. Const., Art. IV, Sec. 13; G.S. 1-184. This being true, the presiding judge had no authority to answer the issues, and to enter judgment in favor of the plaintiff upon his answers to the issues."

The defendant's pleas in bar of estoppel, *res judicata* and laches are affirmative defenses, and the burden of proof is on the defendant. *Peek v. Trust Co.*, 242 N.C. 1, 86 S.E. 2d 745; *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E. 2d 909.

No conclusions of law in favor of defendant can be reached unless shown by plaintiff's evidence or established by the jury or unless all the facts relevant thereto are admitted. *Solon Lodge v. Ionic Lodge, supra; Mobley v. Broome, supra.* Here, all the facts relative to the issues raised by the pleadings are not admitted by the parties, nor does plaintiff's evidence establish the facts so that the evidence admits of only one conclusion as to the pleas in bar. Thus the court was without authority to enter judgment on the pleas in bar. Absent waiver of jury trial, the court should have submitted the proper issues to the jury for decision.

Ordinarily equitable defenses such as estoppel and laches are not recognized as pleas tenable in a court of law, the court being governed by the statute of limitations. Whether this rule has been strictly followed we need not inquire, since this cause must be remanded for other reasons.

The judgment entered by the court below is vacated and this cause is remanded for disposition in accord with this opinion.

Error and Remanded.