RUDISAIL v. ALLISON

[108 N.C. App. 684 (1993)]

———————————————

ADA DALTON RUDISAIL AND HOWARD RUDISAIL v. CONNIE ALLISON AND MAUDINE O. ALLISON

No. 9129DC1084

(Filed 19 January 1993)

1. **Ejectment § 42 (NCI4th) — laches no defense — summary judgment on ground of laches improper**

   Because the pleadings revealed that both parties claimed title to the disputed property in question, which defendants possessed and plaintiffs sought to recover, plaintiffs' action was one in ejectment; consequently, the defense of laches is not a recognized defense in this ejectment action, and the trial court's summary judgment order on the ground of laches was therefore error.

   **Am Jur 2d, Ejectment § 61.**

2. **Limitations, Repose, and Laches § 158 (NCI4th) — trespass to land — three-year statute of limitations — laches no defense**

   Laches could not support summary judgment for defendants on plaintiffs' claim for damages for trespass to land, since this claim for damages was governed by a three-year statute of limitations.

   **Am Jur 2d, Trespass § 78.**

RUDISAIL v. ALLISON

[108 N.C. App. 684 (1993)]

Appeal by plaintiffs from judgment entered 31 May 1991 and corrected judgment entered 26 June 1991 in Henderson County District Court by Judge Thomas N. Hix. Heard in the Court of Appeals 17 November 1992.

*James H. Toms & Associates, P.A., by James H. Toms and Christopher A. Bomba, for plaintiff-appellants.*

*Prince, Youngblood, Massagee & Jackson, by Sharon B. Ellis and Frank B. Jackson, for defendant-appellees.*

GREENE, Judge.

Plaintiffs Ada Dalton Rudisail and Howard Rudisail (the Rudisails) appeal from the trial court's grant of summary judgment in favor of defendants Connie and Maudine O. Allison (the Allisons).

Mrs. Rudisail and the Allisons own adjoining property in Henderson County. Mr. Rudisail has a marital interest in Mrs. Rudisail's property. In 1961 the Allisons constructed a house on their property. In 1967 the Rudisails erected a fence which they allege is inside the boundary line of their property. The Rudisails built the fence inside their property line because "it was a rough barbed wire fence and we didn't want it up there next to [the Allisons'] house . . . ." The Allisons allege that the fence is the true property line. In approximately 1974, the Allisons began construction of a garage next to the fence. The construction work was done by Mr. Allison, and took several years to complete. The Rudisails became aware of the construction in 1976 or early 1977, and believed that the construction encroached on their property. The Rudisails did not at that time hire a surveyor to establish a property line because of financial difficulty. They did not contact the Allisons or in any way inform them of their belief that the garage encroached upon the Rudisail property. Mr. Allison began construction on an addition to the garage in the early 1980s. During this period the Rudisails allege that the Allisons dumped dirt on the fence, destroying a section of approximately thirty feet. In 1983 or 1984 the Allisons constructed a driveway leading to the garage addition and piled building and other materials in the area of the fence. The Rudisails hired a surveyor, who completed a survey of the property in 1984. The survey showed that the garage and the garage addition encroached on the Rudisails' property. A later survey obtained by the Allisons supports their claim of title. Shortly after the 1984

survey, Mr. Rudisail informed Mr. Allison that the garage and garage addition encroached on the Rudisails' property.

On 8 January 1986, Mrs. Rudisail filed a complaint alleging that the Allisons were encroaching on property to which she had title. She sought to have the Allisons removed from the land and damages in the amount of $2500.00. The Allisons answered, denying encroachment and claiming title to the property in question by deed and, in the alternative, by adverse possession. They also asked that Mr. Rudisail be made a party, counterclaimed for damages of $3500.00 because of harassment by the Rudisails in wrongfully asserting claim to the property, and asked for a determination that they were the true owners of the property. The Allisons subsequently amended their complaint to include the defense of laches. Both parties moved for summary judgment. The trial court granted summary judgment in favor of the Allisons on all of the Rudisails' claims. The court denied the Allisons' motion for summary judgment as to their counterclaims.

---

The dispositive issues are (I) whether the defense of laches can be pled in an action for ejectment; and (II) whether the defense of laches can be pled in this action for damages.

The Allisons' counterclaims were not determined by the trial court in its order granting summary judgment. Thus, the summary judgment order is not final, and therefore interlocutory, because it fails to determine the entire controversy between the parties. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Such interlocutory orders are generally not appealable. *Love v. Moore*, 305 N.C. 575, 578, 291 S.E.2d 141, 144 (1982). However, an interlocutory order may be appealed if it affects a substantial right of the appellant and has the potential to work an injury to the appellant if not reviewed before final judgment. *Goldston v. American Motors Corp.*, 326 N.C. 723, 728, 392 S.E.2d 735, 737 (1990). The substantial right most often addressed is the right to avoid separate trials on the same issues. *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5-6, 362 S.E.2d 812, 815 (1987). Denial of this substantial right creates the possibility of prejudice if different fact-finders could render inconsistent verdicts on the same issues. *T'ai Co. v. Market Square Ltd. Partnership*, 92 N.C. App. 234, 236, 373 S.E.2d 885, 886 (1988).

RUDISAIL v. ALLISON

[108 N.C. App. 684 (1993)]

The Rudisails' initial complaint sought to have the Allisons removed from property owned by the Rudisails. The Allisons counterclaimed that they were damaged because the Rudisails wrongfully asserted a claim to land which actually belonged to the Allisons and also prayed that they be determined the true owners of the property. Consequently, the issue of ownership of the land in question is fundamental in both the determination of the Allisons' counterclaims and the determination of whether removal of the Allisons is warranted. Because different fact-finders could render inconsistent verdicts on these issues, failure to hear this appeal before final judgment could prejudice the Rudisails' substantial right to avoid separate trials on the same issues. Accordingly, we will address the issues raised in this interlocutory appeal.[1]

I

[1] In order to determine the defenses available to a defendant, we must first decide the nature of the action brought by the plaintiff. *Scott Poultry Co. v. Bryan Oil Co.*, 272 N.C. 16, 18, 157 S.E.2d 693, 695 (1967). The nature of the action is not determined by what either party calls it, but by the issues arising out of the pleadings. *Id.* at 19, 157 S.E.2d at 696. Where the pleadings reveal that title to land is controverted and a plaintiff seeks to recover possession of that land from a defendant, the action is one in ejectment. *Id.* at 18, 157 S.E.2d at 696. The defense of laches is not available in an ejectment action. *Ramsey v. Nebel*, 226 N.C. 590, 593, 39 S.E.2d 616, 618 (1946); *see Sparrow v. Dixie Leaf Tobacco Co.*, 232 N.C. 589, 595, 61 S.E.2d 700, 704 (1950); *Scott Poultry Co.*, 272 N.C. at 22, 157 S.E.2d at 698 (ejectment action is legal in nature and laches not recognized as proper defense); *Young v. Young*, 43 N.C. App. 419, 422, 259 S.E.2d 348, 349-50 (1979) (action in ejectment is "so legal in its nature and origin as to make untenable the equitable defense of laches"); *Phipps v. Robinson*, 858 F.2d 965, 970 (4th Cir. 1988) ("the equitable defense of laches may not be raised as a defense in an action at law of ejectment"); *but see McRorie v. Query*, 32 N.C. App. 311, 232 S.E.2d 312, *disc. rev. denied*, 292 N.C. 641, 235 S.E.2d 62 (1977). Indeed, in the

---

1. The Rudisails also assign as error the trial court's refusal to grant their motion for partial summary judgment on the Allisons' counterclaim for damages. Denial of a motion for summary judgment is an interlocutory order and not immediately appealable. *Watson Ins. Agency, Inc. v. Price Mechanical, Inc.*, 106 N.C. App. 629, 631, 417 S.E.2d 811, 812 (1992).

RUDISAIL v. ALLISON

[108 N.C. App. 684 (1993)]

context of an ejectment proceeding, title to property can be defeated only by possession for seven years under color of title or adverse possession for twenty years. N.C.G.S. §§ 1-38, -40 (1983).

Because the pleadings reveal that the Rudisails and the Allisons both claim title to the disputed property in question, which the Allisons possess and the Rudisails seek to recover, the Rudisails' action is one in ejectment. Consequently, the defense of laches is not a recognized defense in this ejectment action, and the trial court's summary judgment order on the ground of laches was therefore error. The issue of adverse possession has been raised by the Allisons in their answer and will be before the trial court on remand.

II

[2] In addition to the Rudisails' ejectment claim seeking possession of the real estate in question, they also claim damages for trespass on their land. This is a proper and recognized remedy. "Ejectment is only one form of the trespass action, and, in addition to rents and profits for dispossession, the plaintiff may recover all other damages appropriate to the trespass suit, such as damage for permanent or temporary injury to the land itself." Dan B. Dobbs, *Handbook on the Law of Remedies* § 5.8, at 365 (1973). This claim for damages is governed by a three-year statute of limitation and laches is not a tenable defense to this action. N.C.G.S. § 1-52(3) (1983); *Coppersmith v. Upton*, 228 N.C. 545, 548, 46 S.E.2d 565, 567 (1948); *United States v. Mack*, 295 U.S. 480, 489, 79 L. Ed. 1559, 1565 (1935) (laches within the term of the statute of limitation is not a defense to action at law); 30A C.J.S. *Equity* § 128, at 351-52 (1992). Therefore, laches cannot support summary judgment for the Allisons on the Rudisails' claim for damages for trespass to land.

Accordingly, the decision of the trial court is

Reversed and remanded.

Judges COZORT and WALKER concur.

Judge WALKER concurred in this opinion prior to 8 January 1993.