MONIQUE R. FARLEY, JOHN N. MEEHAN, MARCIA J. MEEHAN, PATRICK S. O'HARA, EMILY C. O'HARA, ALEXIS G. BLANCHARD, WILLIAM J. LEE, MILLIE L. LEE, MONTY R. WILLIS, LUZ M. WILLIS, AND GEORGE D. PHILLIPS, PLAINTIFFS v. LARRY HOLLER, SHARON Y. HOLLER, ROBERT E. LEE, JR., JANE D. LEE, THERON LEVON McLAMB, LARRY C. LEWIS, BECKY LEWIS, VICTOR A. ARMSTRONG, JUNE J. ARMSTRONG, CHARLES E. RUMBLEY, PATRICIA D. RUMBLEY, CURTIS NORTHROP STRANGE, SARA JONES STRANGE, DAVID T. UPCHURCH, LYNN UPCHURCH, JANICE F. BYNUM, RANDY GREGORY, MICHELLE GREGORY, RICHARD S. GLADWELL, JR., ROBERT T. MONK, JR., RICHARD V. WILKINS, AWNI M. HAMAD, THURAIA A. HAMAD, JACK KELLEY NELSON, JOLENE LOUISE NELSON, MARVIN MILLER, GLENDA MILLER, TERENCE P. McLAUGHLIN, SHARON MEALOR McLAUGHLIN, ANTHONY M. HASLAM, LYNN B. HASLAM, CARLTON S. ASHBY, JR., CORA B. ASHBY, V. DIXON PROPERTIES, LLC, MANLEY EDWARD McLAWHORN, JOHN G. EAGAN, ELLEN S. EAGAN, CHARLES A. RIDGWAY, VIVAIN RIDGWAY, HUNTER B. HADLEY, III, DIANE HADLEY, ROBERT S. DAVES, LYNN A. DAVES, WILLIAM S. SMITH, SR., LAURA T. SMITH, NIKKI L. WHITLEY, AND MART L. BELL, INC., DEFENDANTS

No. COA06-1534

(Filed 7 August 2007)

**Laches— action on the closing of a road—summary judgment**

The trial court did not err by granting summary judgment for defendants on their claim of laches in an action arising from the closing of a road in a subdivision where the undisputed facts showed a delay of 9 years in bringing the claim, $100,000 spent to repair the street one year before the claim was brought, and the purchase and sale of properties in the subdivision. These facts satisfy all of the conditions for laches.

Appeal by plaintiffs from judgment entered 21 August 2006 by Judge Gary E. Trawick in Carteret County Superior Court. Heard in the Court of Appeals 21 May 2007.

*Davis, Murrelle, Lyles & Huber, P.A., by Edward L. Murrelle, for plaintiffs-appellants.*

*Wheatly, Wheatly, Weeks, Valentine, & Lupton, P.A., by Claud R. Wheatly, Jr. and Claud R. Wheatly, III, for defendants-appellees.*

MARTIN, Chief Judge.

Plaintiffs appeal from a judgment granting defendants' motion for summary judgment based on the affirmative defense of laches.

Plaintiffs and defendants are all property owners in Spooners Creek subdivision in Morehead City, North Carolina. The subdivision was created in April 1973 when a plat, showing thirty-five residential lots, was filed in the Carteret County Registry. The plat showed two streets, Harbor Drive and South Spooners Street, both of which intersected with Lands End Road. South Spooners Street runs from Harbor Drive at its north end to Lands End Road at its south end. All of the lots in the subdivision are located on either Harbor Drive, South Spooners Street, or Lands End Road. Plaintiffs' lots all have access to Harbor Drive, while defendants' lots access either South Spooners Street or Lands End Road.

Between 1994 and 1996, some residents of the subdivision attempted to get all residents to sign a "Road Closing Agreement" to close South Spooners Street at its south end where it intersects with Lands End Road. Although all the residents did not sign the agreement, the southern terminus of South Spooners Street at Lands End Road was closed in 1996 and made into a cul-de-sac, at a cost of approximately $18,000.00. In approximately 2004, residents on South Spooners Street, including some of the defendants, contributed $100,000 to resurface and repair the street, and to add curbs.

In 2005, property to the east of the subdivision, on Lands End Road, was purchased by a developer and was rezoned for construction of a number of multi-family homes, which increased traffic over Harbor Drive to Lands End Road. Plaintiffs, who own lots on Harbor Drive, filed this action against defendants, who own all of the other lots in the subdivision, seeking relief in equity to reopen South Spooners Street in order to diffuse the extra flow of traffic to Lands End Road which the new development will bring. Plaintiffs' complaint alleged that the closing of South Spooners Street in 1996 was wrongful and unlawful and constitutes a continuing trespass and nuisance on the easements and rights of ingress and egress, which are covenants running with the land. Defendants answered, asserting the affirmative defense of laches, based on plaintiffs' delay of nine years in bringing this action and defendants' alleged injury of purchasing their lots in reliance upon the road ending in a cul-de-sac and spending $100,000 to improve the road during the intervening time.

Both plaintiffs and defendants moved for summary judgment. The trial court found "[t]he pleadings, affidavits, and exhibits do not show any dispute as to the facts the defendants rely on to show laches on part of the plaintiffs, and these undisputed facts establish

plaintiffs' laches" and granted defendants' motion for summary judgment. Plaintiffs appeal.

---

"A trial court's ruling on a motion for summary judgment is reviewed *de novo* as the trial court rules only on questions of law." *Coastal Plains Utils., Inc. v. New Hanover County*, 166 N.C. App. 333, 340-41, 601 S.E.2d 915, 920 (2004). A court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005).

By their first three arguments, plaintiffs assert that the trial court erred when it granted summary judgment based on the finding that "[t]he pleadings, affidavits, and exhibits do not show any dispute as to the facts the defendants rely on to show laches on part of the plaintiffs, and these undisputed facts establish plaintiffs' laches; therefore, it is appropriate that defendants' motion for summary judgment . . . be granted." We are guided in our review by the following principles:

> In determining whether plaintiffs' suit is, at [the summary judgment] stage of the proceeding, barred by the doctrine of laches, we face a three-fold question: (1) Do the pleadings, affidavits and exhibits show any dispute as to the facts upon which defendants rely to show laches on the part of plaintiffs? (2) If not, do the undisputed facts, if true, establish plaintiffs' laches? (3) If so, is it appropriate that defendants' motion for summary judgment . . . be granted?

*Taylor v. City of Raleigh*, 290 N.C. 608, 621, 227 S.E.2d 576, 584 (1976).

Plaintiffs first argue that the court erred in finding that the undisputed facts established plaintiffs' laches. The undisputed facts before the court show that (1) plaintiffs waited approximately nine years to bring this claim, although they knew the road had been improperly closed during that time, (2) defendants spent $100,000 to repair the street one year before the claim was brought, and (3) properties in the subdivision have been bought and sold during the time the road has been closed.

> To establish the affirmative defense of laches, our case law recognizes that 1) the doctrine applies where a delay of time has resulted in some change in the condition of the property or in the relations of the parties; 2) the delay necessary to constitute

laches depends upon the facts and circumstances of each case; however, the mere passage of time is insufficient to support a finding of laches; 3) the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches; and 4) the defense of laches will only work as a bar when the claimant knew of the existence of the grounds for the claim.

*MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209-10, 558 S.E.2d 197, 198 (2001). The undisputed facts in the case before us establish the existence of each of these principles.

With regard to the first principle, the undisputed facts show that the delay of time has resulted in both a change in the condition of the property through the $100,000 in repairs to the street and a change in the relations of the parties through the changing of the owners of the lots in the subdivision. With regard to the second principle, the delay has been approximately nine years, and although this passage of time alone is not sufficient for finding laches, it creates an obstacle to overcome in the third consideration: the reasonableness of the delay. We note: "The defense of laches is one frequently raised by summary judgment motion. When it is so raised the plaintiff, of course, is permitted to counter by showing a justification for the delay, and whenever this assertion raises triable issues, defendant's motion will not be granted." *Taylor*, 290 N.C. at 622, 227 S.E.2d at 584 (internal quotation marks and citation omitted). Plaintiffs offered no justification, explanation, or reason for the delay in bringing their claim, other than the expenses associated with legal action. However, these expenses ceased to deter plaintiffs from bringing their claim when their incentive to reopen the street increased. A reason more compelling than the one given would be needed to justify a nine-year delay. With regard to the second part of the third consideration, defendants have shown disadvantage, injury, or prejudice where they spent $100,000 to repair the road, believing that the traffic on the road would continue to be minimal due to the presence of the cul-de-sac and plaintiffs' failure to assert their claim to have it reopened. As for the final principle, it is an undisputed fact that plaintiffs were aware of the existence of their claim when the road was closed.

Notwithstanding that the undisputed facts satisfy all the conditions for laches, plaintiffs cite evidence which they claim creates a genuine issue as to the existence of laches, including (1) that there was no Road Closing Agreement signed by all lot owners, (2) that the

owner of the land on which the cul-de-sac was built did not convey his interest or agree to the closure, (3) that defendants knowingly violated the County Planning Department's instructions regarding the appropriateness of the barrier, (4) that many of the defendants were on notice that the road was improperly closed when they bought their lot, and (5) that circumstances changed in 2005. Although this evidence may bear on the propriety of the defendants' action, it is insufficient to negate any of the conditions required to find laches.

Plaintiffs also suggest that the undisputed facts could not establish laches because laches requires a change in conditions that is substantial. *See Hatfield v. Jefferson Standard Life Ins. Co.*, 85 N.C. App. 438, 446, 355 S.E.2d 199, 203 (1987) ("To constitute laches a change in conditions must have occurred that would render it inequitable to enforce the claim." (quoting *East Side Builders v. Brown*, 234 N.C. 517, 521, 67 S.E.2d 489, 491 (1951)). Plaintiffs' analogy to *Hatfield* overlooks some distinguishing characteristics. "To establish the affirmative defense of laches, our case law recognizes that . . . the doctrine applies where a delay of time has resulted in some change in the condition of the property or in the relations of the parties." *MMR Holdings*, 148 N.C. App. at 209, 558 S.E.2d at 198. In *Hatfield*, the change in the condition of the property was that defendant, believing plaintiffs did not have an easement through its alleyway, built a wall that was one foot high and extended one foot underground with areas for plants. *Hatfield*, 85 N.C. App. at 441, 355 S.E.2d at 200. This Court found that laches did not apply in *Hatfield* because these changes were not substantial. *Id.* at 446, 355 S.E.2d at 203. In the present case, plaintiffs argue that the barrier placed by defendants is even less substantial than the wall in *Hatfield*. However, the barrier is not the change in condition that establishes laches. Rather, it is the repairs made to the road at a cost of $100,000. Accordingly, the change in condition in the present case is substantial enough to "render it inequitable to enforce the claim." *East Side Builders v. Brown*, 234 N.C. at 521, 67 S.E.2d at 491.

Plaintiffs also contend summary judgment was improper because laches only bars plaintiffs' equitable claims; thus, their claims in law should have survived summary judgment. *See Scott Poultry Co. v. Brian Oil Co.*, 272 N.C. 16, 22, 157 S.E.2d 693, 698 (1967) ("Ordinarily equitable defenses such as estoppel and laches are not recognized as pleas tenable in a court of law . . . ."). However, plaintiffs sought only two remedies, either that the court grant a mandatory injunction requiring defendants to reopen South Spooners Street, or that the

court grant plaintiffs the right to reopen the street and enjoin defendants from interfering with the reopening or attempting to re-close the street after it is reopened. "It is fundamental that an injunction is an equitable remedy." *Pelham Realty Corp. v. Bd. of Transp. of N.C.*, 303 N.C. 424, 431, 279 S.E.2d 826, 831 (1981). Thus, both remedies sought by plaintiffs are equitable remedies, and the trial court did not err in concluding that the relief sought by plaintiffs was barred by laches.

Finally, plaintiffs argue that the doctrine of unclean hands prevents defendants from relying on laches as a defense and bar to plaintiffs' claims. Plaintiffs contend that, because the doctrine of unclean hands defeats the equitable defense of equitable estoppel, the doctrine of unclean hands should also defeat the equitable defense of laches. Plaintiffs have presented no authority for such application of the doctrine of unclean hands, and we find no precedent for its application to the doctrine of laches; therefore, we reject plaintiffs' argument that the trial court erred in failing to consider the doctrine of unclean hands.

We conclude that there is no genuine issue as to any material fact, and the court properly granted summary judgment in favor of defendants.

Affirmed.

Judges STEELMAN and STEPHENS concur.