Chisum v. Campagna, 2018 NCBC 76.

STATE OF NORTH CAROLINA

NEW HANOVER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 2419

DENNIS D. CHISUM, individually
and derivatively on behalf of JUDGES
ROAD INDUSTRIAL PARK, LLC,
CAROLINA COAST HOLDINGS,
LLC, and PARKWAY BUSINESS
PARK, LLC.

Plaintiff,

v.

ROCCO J. CAMPAGNA, RICHARD
J. CAMPAGNA, JUDGES ROAD
INDUSTRIAL PARK, LLC,
CAROLINA COAST HOLDINGS,
LLC, and PARKWAY BUSINESS
PARK, LLC,

Defendants.

**ORDER AND OPINION VACATING
PRIOR ORDERS FOR SUMMARY
JUDGMENT**

THIS MATTER comes before the Court upon its own motion. For the reasons stated below, the Court now VACATES its prior orders granting summary judgment in Plaintiff's favor with regard to his claims for declaratory judgment, and instead DENIES those motions because genuine issues of material fact exist which preclude entry of judgment in Plaintiff's favor as a matter of law with regard to Plaintiff's claims for declaratory judgment.

**A. Factual and Procedural Background**

The background facts of this matter are recited in several prior orders issued by this Court, and will be recited here only as they directly pertain to the matter currently before the Court. For purposes of this Order, Defendants Judges Road Industrial Park, LLC ("Judges Road"), Carolina Coast Holdings, LLC ("CCH"), and Parkway Business Park, LLC ("Parkway") will be referred to collectively as "the

Chisum/Campagna LLCs" or "the LLCs." Plaintiff is a signatory to the written operating agreements of each of the Chisum/Campagna LLCs ("the Operating Agreements").

Plaintiff filed the Complaint initiating this action on July 19, 2016 (ECF No. 3), and an Amended Complaint on February 8, 2017. (Am. Compl., ECF No. 28.) In the Amended Complaint, Plaintiff made claims, *inter alia*, for declaratory judgment. (Am. Compl., ECF No. 28, at ¶¶ 153–57.) In the Amended Complaint, Plaintiff alleges entitlement to:

> a declaratory judgment under N.C.G.S. § 1-253 *et seq.* stating that he is an owner in each of the Chisum/Campagna LLCs as set forth herein and entitled to distributions from Chisum/Campagna LLCs in accordance with the fair market value of his ownership interests plus interest at the legal rate from the date such distributions were due until the date of payment.

(*Id.* at ¶ 157.) Based on Plaintiff's motions for partial summary judgment and his arguments in support of those motions, the Court ultimately determined that through the declaratory judgment claims Plaintiff sought declarations that:

1. The provisions of the Operating Agreements pertaining to capital calls would not permit Plaintiff's interests in those LLCs to be extinguished entirely by the failure to pay capital calls;

2. Plaintiff currently is a member of each of the Chisum/Campagna LLCs; and

3. Plaintiff currently holds an 18.884% membership interest in Judges Road, a 16.667% membership interest in CCH, and an 8.34% membership interest in Parkway.

On February 8, 2017, Plaintiff filed his Second Motion for Partial Summary Judgment. (ECF No. 29.) Plaintiff's Second Motion for Partial Summary Judgment sought summary judgment on Plaintiff's claim for declaratory judgment regarding Judges Road only. Plaintiff sought a declaration that the provisions of the Judges Road Operating Agreement pertaining to capital calls would not permit Plaintiff's interest to be extinguished entirely by his failure to pay capital calls, and that, as a matter of law, he retains a membership interest in Judges Road.

In Defendants' Memorandum of Law in Opposition to the Plaintiff's Second Motion for Partial Summary Judgment (ECF No. 62), Defendants cross-moved for summary judgment. Defendants contended that Plaintiff's claim for declaratory judgment was barred by the three-year statute of limitations for conversion claims proscribed in G.S. § 1-52(4).[1] (ECF No. 62, at pp. 15–19.)

On July 20, 2017 the Court issued an Order on Plaintiff's Second Motion for Partial Summary Judgment granting, in part, and denying, in part, Plaintiff's Second Motion for SJ, and denying Defendants' cross-motion for summary judgment. ("Order on Pl.'s Second Mot. SJ", ECF No. 138; *Chisum v. Campagna*, 2017 NCBC LEXIS 62 (N.C. Super. Ct. July 20, 2017).) The Court entered a declaration that the Judges Road Operating Agreement is unambiguous and does not permit a member's membership interest to be diluted to zero, or extinguished, by failure to contribute capital in response to a capital call. *Chisum*, 2017 NCBC LEXIS 62, at * 28–29. The Court denied Plaintiff's motion to the extent he sought a declaration "that Plaintiff

---

[1] Plaintiff subsequently abandoned his conversion claim and the claim was dismissed. (Pl. Br. Opp. Def. Mot. SJ, ECF No. 172, at p. 13.)

retains an ownership interest in Judges Road, or that Plaintiff is entitled to distributions or other relief from Judges Road or the Campagnas." *Id.* at \*29.

In the Order on Plaintiff's Second Motion for Partial Summary Judgment, the Court also denied Defendants' cross-motion for summary judgment, concluding that North Carolina legal precedent is not clear as to whether a claim for declaratory judgment is subject to statutes of limitations or only to an equitable defense of laches. Defendants did not argue laches as a grounds for their summary judgment motion. The Court held that even if a declaratory judgment claim was subject to statutes of limitations, Plaintiff's claim for constructive fraud, which is subject to a 10-year limitations period, could be applied to Plaintiff's declaratory judgement claims making the action timely. *Id.* at \*13–17.

On May 9, 2017, before the Court issued its Order on Plaintiff's Second Motion for Partial Summary Judgment, Plaintiff filed a Motion for Partial Summary Judgment Regarding Parkway Business Park, LLC and Carolina Coastal Holdings, LLC ("Plaintiff's Motion for Partial Summary Judgment Regarding Parkway and CCH"). (ECF No. 112.) Plaintiff sought a declaration that the provisions of the CCH and Parkway Operating Agreements pertaining to capital calls would not permit Plaintiff's interest to be extinguished entirely by his failure to pay capital. Plaintiff also sought a declaration that Plaintiff "is an owner/member of Parkway and CCH, leaving the issue of ownership percentages for further . . . adjudication." (ECF No. 112, at pp. 1–2.)

On July 28, 2017, Plaintiff filed a fourth Motion for Summary Judgment ("Plaintiff's Fourth Motion for Summary Judgment"), seeking a declaration that he remains a member of all the Chisum/Campagna LLCs and that he retains an 18.884% interest in Judges Road, an 8.34% interest in Parkway, and a 16.667% interest in CCH. (ECF No. 142.)

On July 28, 2017, Defendants filed a Motion for Summary Judgment as to all of Plaintiff's claims. (ECF No. 147.) Defendants again sought summary judgment on Plaintiff's claim for declaratory judgment on the grounds that the claim was barred by statutes of limitations. (Defs.' Mem. Supp. Mot. SJ, ECF No. 146, at pp. 18–19.)

On March 2, 2018, the Court issued an Opinion and Order on Cross-Motions for Summary Judgment. (ECF No. 189.) The Court granted Plaintiff's Motion for Partial Summary Judgment Regarding Parkway and CCH in part, finding that the CCH and Parkway Operating Agreements contain language identical, or virtually identical, to the language in the Judges Road Operating Agreement regarding capital calls. The Court concluded that Plaintiff was entitled to judgment as a matter of law that his interests in CCH and Parkway cannot be extinguished entirely by the failure to contribute capital in response to a capital call. (*Id*. at pp. 10–11.) The Court denied the Plaintiff's Motion for Partial Summary Judgment Regarding Parkway and CCH to the extent Plaintiff sought a declaration that he is an owner/member of CCH and Parkway. In the Opinion and Order on Cross-Motions for Summary Judgment, the Court denied the Plaintiff's Fourth Motion for Summary Judgment and the Defendants' Motion for Summary Judgment on the grounds that the record evidence

provided by the parties made it impossible to conclude whether certain dispositive facts were in dispute, and neither party had established that they were entitled to judgment as a matter of law. (*Id*. at p. 17.)

This matter is now set for trial beginning on August 6, 2018. (Notice of Trial, ECF No. 190.) In anticipation of trial, the Court asked the parties to submit briefing addressing: (1) whether statutes of limitations or laches applied to Plaintiff's claim for declaratory judgment; and (2) if statutes of limitations and/or laches applied, whether those issues are to be determined by the Court or by the jury. Both parties filed the requested briefing. (Pl.'s Trial Br. Re Laches and Stat. of Lim., ECF No. 213; Defs.' Trial Br. Re Stat. of Lim. and Laches, ECF No. 209.)

Upon further consideration, the Court now concludes that statutes of limitations are appropriately applied to declaratory judgment claims, and that laches also may apply under appropriate facts. The Court also concludes that the three-year statute of limitations for breach of contract under G.S. § 1-52(1) should be applied to Plaintiff's claim for declaratory judgment, and that issues of fact remain regarding when Plaintiff's claim for declaratory judgment accrued for purposes of applying the three-year statute of limitations and, potentially, laches.

## B. Discussion

### 1. *Statutes of limitations and the defense of laches apply to claims for declaratory judgment.*

North Carolina Rule of Civil Procedure 54(a) provides, in relevant part, that "in the absence of entry of [ ] a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims

and the rights and liabilities of all the parties." The Court has reconsidered its prior orders granting summary judgment in Plaintiff's favor with regard to his claim for declaratory judgment. Specifically, the Court has reconsidered its position regarding whether statutes of limitations are applied to claims for declaratory judgment in North Carolina, or whether such claims are subject only to a defense of laches. The Court now holds that both statutes of limitations and the equitable defense of laches are applicable to declaratory judgment claims.

The Supreme Court of North Carolina has held that "[s]ince proceedings for declaratory relief have much in common with equitable proceedings, the equitable doctrine of laches has been applied in such proceedings." *Taylor v. Raleigh*, 290 N.C. 608, 622–623, 227 S.E.2d 576, 584–585 (1976). The Supreme Court also has applied statutes of limitations to declaratory judgment actions. *Penley v. Penley*, 314 N.C. 1, 20-21, 332 S.E.2d 51, 63 (1985) (applying statute of limitation to claim for declaratory judgment and concluding the claim was not barred under the applicable statute of limitations).

The decisions from the Court of Appeals have applied both statutes of limitations and laches to declaratory judgment claims depending on the facts involved in the case and, apparently, whether the issue has been raised by the parties. *See e.g., Stratton v. Royal Bank of Can.*, 211 N.C. App. 78, 89, 712 S.E.2d 221, 230-231 (2011) (holding that defense of laches "is an appropriate defense to [plaintiff]'s claim for declaratory judgment"); *Ludlum v. State*, 227 N.C. App. 92, 94, 742 S.E.2d 580, 582 (2013) (holding that plaintiff's declaratory judgment claim was untimely where

his other claims for relief were barred by the statute of limitations); *Johnson v. N.C. Dep't of Cultural Res.*, 223 N.C. App. 47, 735 S.E.2d 595 (2012) (applying statute of limitations to declaratory judgment claim, but also recognizing and considering potential application of laches to claim); *Hicks v. Wake County Bd. of Educ.*, 187 N.C. App. 485, 489–90, 653 S.E.2d 236, 239–40 (2007) (applying three-year statute of limitations and finding plaintiff's claim for declaratory judgment barred); *Tillery v. Tillery*, 790 S.E.2d 755, 2016 N.C. App. LEXIS 689, at *10 (2016) (unpublished) (applying statute of limitations to claim for declaratory judgment); *Newman Machine Co. v. Newman*, 2 N.C. App. 491, 494, 163 S.E.2d 279, 281 (1968), *rev'd on other grounds*, 275 N.C. 198, 166 S.E.2d 63 (1969) ("Consequently, where it appears that the facts alleged disclose that either the statute of limitations or the doctrine of laches is applicable thereto, there is no justiciable controversy as contemplated by the Declaratory Judgments Act.").

Upon further consideration of the above cited authority, the Court concludes that the most reasonable synthesis of these decisions is that statutes of limitations are properly applied to claims for declaratory judgment, as is the defense of laches under appropriate facts. *See Johnson*, 223 N.C. App. 47, 735 S.E.2d 595; *Newman Machine Co.*, 2 N.C. App. at 494, 163 S.E.2d at 281. Accordingly, to the extent the Court suggested in its prior orders that statutes of limitations should not be applied to Plaintiff's claim for declaratory judgment, such portions of those orders are VACATED, and the Court concludes Plaintiff's claim for declaratory judgment in this action is subject to a statute of limitations defense and potentially to a laches defense.

In deciding which statute of limitations should be applied to a declaratory judgment claim, the Court must be "guided by the principle that the statute of limitations is not determined by the remedy sought, but by the substantive right asserted by plaintiffs." *Baars v. Campbell Univ., Inc.*, 148 N.C. App. 408, 414, 558 S.E.2d 871, 875 (2002) (disregarding plaintiff's contention that its claim was one for constructive fraud subject to a 10-year statute of limitations and instead affirming dismissal because the substantive rights the plaintiff sought to vindicate were governed by three-year statutes of limitations); *Penley v. Penley*, 65 N.C. App. 711, 723, 310 S.E.2d 360, 368 (1984) ("Although in form the complaint asked for relief through a declaratory judgment, in substance, as represented by the evidence produced and the issue submitted to the jury, the action is based on contract."), *rev'd on other grounds*, 314 N.C. 1, 332 S.E.2d 51 (1985); *Ludlum*, 227 N.C. at 95, 742 S.E.2d at 583 (holding that "[b]ecause plaintiff waited too long to file his claim [based on a contract], he is barred from a determination that he is owed any benefits at all [pursuant to that contract]" under his declaratory judgment claim); *Tillery*, 790 S.E.2d 755, 2016 N.C. App. LEXIS 689, *10 ("When determining the applicable statute of limitations, we are guided by the principle that the limitations period is determined not by the remedy sought, but by the substantive right asserted by the claim at issue." (citing *Baars*, 148 N.C. App. at 414, 558 S.E.2d at 875)).

Accordingly, in determining which statute of limitations is applicable to Plaintiff's claims for declaratory judgment in this action, the Court must determine

the rights Plaintiff seeks to establish or enforce through the request for declaratory relief.

Through the declaratory judgment claims in this case, Plaintiff seeks a declaration that he still has membership interest in the Chisum/Campagna LLCs. Plaintiff also requests that the Court declare that under the Operating Agreements, Richard and Rocco Campagna lacked authority to extinguish or otherwise eliminate his membership interests because of Plaintiff's failure to contribute capital to the LLCs in response to alleged capital calls. Finally, based on his alleged continuing membership interests, Plaintiff seeks a declaration that he still has certain rights in the Chisum/Campagna LLCs, including rights to distributions and to his share of the LLCs' assets and profits.

The declarations Plaintiff seeks in this action involve his status and rights as a member of the Chisum/Campagna LLCs. Those rights are created by and arise out of the Operating Agreements, which are contracts. *N.C. State Bar v. Merrell*, 243 N.C. App. 356, 370, 777 S.E.2d 103, 114 (2015) ("An operating agreement is a contract."); *see also Richardson v. Kellar*, 2017 NCBC LEXIS 110 (N.C. Super. Ct. Nov. 27, 2017) (same); *Pure Body Studios Charlotte, LLC v. Crnalic*, 2017 NCBC LEXIS 98 (N.C. Super. Ct. Oct. 18, 2017) (same). Moreover,

> A limited liability company ("LLC") is a statutory form of business organization . . . that combines characteristics of business corporations and partnerships. The [LLC] Act contains numerous 'default' provisions or rules that will govern an LLC only in the absence of an explicitly different arrangement in the LLC's articles of organization or written operating agreement. Because these default

> provisions can be changed in virtually any way the parties wish, *an LLC is primarily a creature of contract.*

*Crouse v. Mineo*, 189 N.C. App. 232, 237, 658 S.E.2d 33, 36 (2008) (internal citations and quotations omitted) (emphasis added); *see also Battles v. Bywater, LLC*, 2017 NCBC LEXIS 54, at *8 (N.C. Super. Ct. Oct. 31, 2014) (citing *Crouse*).

The Court concludes that the substantive rights Plaintiff seeks to vindicate through declaratory judgment arise from Operating Agreements, and the three-year statute of limitations for breach of contract actions provided in N.C. Gen. Stat. § 1-52(1) therefore applies.

In its Order on Plaintiff's Second Motion for Partial Summary Judgment, the Court concluded that if Plaintiff's claim for declaratory relief was subject to a statute of limitations, the 10-year limitations period for constructive fraud claims could potentially be applied to the declaratory judgment action. *Chisum*, 2017 NCBC LEXIS 62, at *16. That Order, however, was issued before this Court's Order on Campagna Defendants' Motion to Dismiss. ("Order on Campagnas' Mot. to Dism.", ECF No. 186; *Chisum v. Campagna*, 2017 NCBC LEXIS 102 (N.C. Super. Ct. Nov. 7, 2017).) In that Order, this Court dismissed Plaintiff's individual claim for constructive fraud concluding, *inter alia*, that the Campagnas owed fiduciary duties to the Chisum/Campagna LLCs as managers, but they did not owe fiduciary duties to Plaintiff as an individual member. *Campagna*, 2017 NCBC LEXIS 102, at *11–27.

Since Plaintiff was owed no fiduciary duty and has no individual claim for constructive fraud, the substantive rights he is pursuing do not arise from breach of

any fiduciary duty owed to him, and the statute of limitations for constructive fraud is therefore inapplicable to the declaratory judgment claims.

2. *Factual questions related to statutes of limitations and laches are properly decided by the jury*

The Court also concludes that the factual issues that remain as to when Plaintiff's declaratory judgment claims accrued for purposes of applying the statute of limitations must be decided by the jury. *Lord v. Customized Consulting Specialty, Inc.*, 182 N.C. App. 635, 643-644, 643 S.E.2d 28, 33 (2007) ("When the evidence is sufficient to support an inference that the limitations period has not expired, the issue should be submitted to the jury.") (citations and quotation omitted).

The affirmative defense of laches necessarily involves analysis of both fact and law. *See e.g. Farley v. Holler*, 185 N.C. App. 130, 132–33, 647 S.E.2d 675, 678 (2007) ("[L]aches depends upon the facts and circumstances of each case . . . the delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches[.]").

If the facts underlying the affirmative defense of laches are disputed, such disputes are properly submitted to a jury. *Wells Fargo Bank, N.A. v. Coleman*, 239 N.C. App. 239, 247, 768 S.E.2d 604, 610 (2015) (holding that, for both statute of limitations and laches defenses, summary judgment was inappropriate because plaintiff presented sufficient evidence to "create a genuine issue of material fact concerning whether its delay in discovering" the complained-of mistake was reasonable); *Builders Supplies Co. v. Gainey*, 14 N.C. App. 678, 683, 189 S.E.2d 657,

661 (1972) ("Appellant assigns as error the submission to the jury of appellee's equitable affirmative defense of laches. We think the issue was properly submitted.")

"[T]he defense of laches will only work as a bar when the claimant knew of the existence of the grounds for the claim." *Farley*, 185 N.C. App. at 133, 647 S.E.2d at 678. A claimant's knowledge is a question of fact that must be resolved by a jury, and though "much of our case law . . . suggests [the claimant] must have actual knowledge of the grounds for her declaratory judgment claim in order for laches to apply[,] . . . a party may be charged with constructive knowledge of the grounds for her claim when it is clear that a party had ample notice of those grounds." *Stratton v. Royal Bank of Can.*, 211 N.C. App. 78, 90, 712 S.E.2d 221, 231 (2011) (citing *Save Our Sch. of Bladen Cnty., Inc. v. Bladen Cnty. Bd. of Educ.,* 140 N.C. App. 233, 236-37, 535 S.E.2d 906, 909 (2000) (charging plaintiff with knowledge of the grounds for its claim). Accordingly, when in dispute, a determination of when the plaintiff had actual or constructive knowledge of accrual of his claim for purposes of applying laches is a questions of fact properly submitted to the jury.

## C. Conclusion

Plaintiff's claim for declaratory judgment is subject to the three-year statute of limitations for breach of contract actions. However, there are disputed issues of material fact as to when Plaintiff's claims for declaratory relief accrued which must be decided by the jury, and neither party is entitled to judgment as a matter of law.

THEREFORE, IT IS ORDERED that:

1. The Court's Order on Plaintiff's Second Motion for Partial Summary Judgment (ECF No. 138) granting summary judgment in Plaintiff's favor with regard to his claim for declaratory judgment is VACATED, and the declaration therein is hereby WITHDRAWN.

2. Plaintiff's Second Motion for Summary Partial Judgment is DENIED because genuine issues of material fact exist which preclude entry of judgment in Plaintiff's favor as a matter of law.

3. The Court's Opinion and Order on Cross-Motions for Summary Judgment (ECF No. 189) granting summary judgment in Plaintiff's favor on Plaintiff's Motion for Partial Summary Judgment Regarding Parkway and CCH with regard to his claim for declaratory judgment is VACATED, and the declaration therein is hereby WITHDRAWN.

4. Plaintiff's Motion for Partial Summary Judgment Regarding Parkway and CCH is DENIED because issues of fact exist which preclude entry of judgment in Plaintiff's favor as a matter of law.


SO ORDERED, this the 27th day of July, 2018.


/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases