PeaRson, C. J.
 

 The lessor of the plaintiff having acquired the title from Blount, the first grantee, the plaintiff is entitled to recover, unless the right of entry was tolled by adverse possession.
 

 The grant to Roberts embraces the land in controversy, but his deed to Hill does not, by reason of the omission of one line ; so, Hill did not have color of title; and, in order to toll the entry, it was necessary to prove an uninterrupted adverse possession for twenty years, and to do so, it was necessary to connect the possession of Hill with that of Roberts. This could only be done by proving that Hill claimed under Roberts, and derived the possession from him. The question is: was there any evidence of that fact? We think there was not, and his Hon- or erred in allowing the jury to find it without evidence. As the deed from Roberts to Hill did not cover the land in controversy, it could not have the effect of connecting the possession in respect to that part of the tract. So, the only matter that can be suggested, as making a connection, is the circumstance that he took a deed from Roberts for the other part of the tract, and went into possession of the part in controversy “immediately after Roberts left.” But,
 
 non constat,
 
 that he did so, claiming under him. On the contrary, as the deed
 
 *563
 
 did not cover it, the inference vronld seem to be that he did so independently, and on his own account, so as to hold ¿d-versely against Eoberts, as well as all other persons. For this error, the judgment will be reversed, and a
 
 venire cíe novo
 
 awarded.
 

 It is unnecessary to enter into the question made, as to the estoppel. Indeed, it is cut off by the verdict, provided his Honor submitted the matter to the jury upon all of the evidence, and did not restrict the enquiry to the testimony of the witness, Eoberts.
 

 PeR Cubiaji, Judgment reversed.