J. E. RAMSEY AND WIFE, EFFIE RAMSEY, v. S. T. RAMSEY AND WIFE, ADDIE RAMSEY; WINIFRED RAMSEY AND WIFE, ELLIE RAMSEY.

(Filed 29 September, 1948.)

**1. Adverse Possession § 7—**

A grantee is not entitled to tack the adverse possession of his predecessor in title as to a parcel of land not embraced within the description in his deed, and therefore where he has been in possession for less than

twenty years, he cannot establish title by adverse possession to land lying outside the boundaries of his deed.

**2. Appeal and Error § 39c—**

Where appellant, as a matter of law, is not entitled to the relief sought, alleged errors committed by the lower court cannot be prejudicial to him, and the verdict and judgment against him will be sustained.

APPEAL by defendants from *Alley, Emergency Judge,* April Term, 1948, MADISON.

Civil action in ejectment in which defendants plead title by adverse possession.

Plaintiff J. E. Ramsey and defendant S. T. Ramsey own adjoining tracts of land. They are the real parties in interest and will be so treated, "plaintiff" being used to designate J. E. Ramsey, and "defendant" to designate S. T. Ramsey. They claim from a common source. Plaintiff has the senior title, and the deeds in defendant's chain of title call for the plaintiff's line as the eastern boundary line of defendant's tract. The dividing line under the calls in the plaintiff's deed begins "at a beech on the South bank of the creek below where the said J. C. Ramsey, deceased, used to live; thence S. 16 poles to a stake on a ridge." the location of the beginning corner in this call is admitted.

During the "no stock law" era, each owner built a fence around his arable land. Plaintiff's fence extends westerly along the public road to a point near a spring, thence at an angle southwesterly to the dividing line, and thence south approximately along the dividing line. Defendant's fence also extends along the public road easterly to a point on the opposite side of the spring, thence at an angle southeasterly to the common fence along the dividing line. This leaves a small triangular tract outside the fence, facing on the road, on which is located a spring on plaintiff's side of the dividing line. Defendant and those under whom he claims have for years used this spring for general purposes. They have built a spring house and have kept the spring in usable condition for more than 50 years.

Originally in his answer defendant asserted that his line extended considerably to the east of the line as contended for by plaintiff and embraced the spring tract. He pleaded ownership of the lappage by adverse possession for 20 years and also adverse possession under color. But during the trial the parties entered into the following stipulation:

"In this case the plaintiffs, and those under whom they claim, admit that the defendants are the owners of all the lands embraced within the boundaries of their deed when properly located, and the defendants, and those under whom they claim, on the other hand, admit that the plaintiffs are the owners of all the lands embraced in their deed when prop-

erly located. But these admissions shall not prejudice the rights of the defendants to contest their right of adverse possession."

This stipulation narrowed the case to a controversy over the small triangular tract outside the fences upon which the spring is located. This, of course, involved the location of the true dividing line as well as defendant's claim of ownership by adverse possession.

The court submitted the issues which appear of record. The jury answered the issues bottomed on plaintiff's cause of action in favor of plaintiff but did not answer those directed to defendant's affirmative plea. The verdict as thus rendered was accepted by the court without objection on the part of defendant. The court rendered judgment on the verdict and defendants appealed.

*Smathers & Meekins and Carl R. Stuart for plaintiff appellees.*

*J. M. Baley, Jr., and George M. Pritchard for defendant appellants.*

BARNHILL, J. The uncontroverted evidence locates the boundary line from the beech to a point on the ridge as contended by plaintiff and as shown on the court map. This places the triangular tract on which the spring is located within the bounds of the deeds relied on by plaintiff. Plaintiff's line, as thus located, is the eastern line of the tract claimed by defendant under the express call in his deed. Thus defendant's claim to this small tract must rest on proof of adverse possession for 20 years.

Whether defendant has offered any evidence of open, notorious, exclusive, and continuous adverse possession under known and visible boundary lines is questionable. The spring has been used by defendant and his predecessors in title as the source of their water supply for many years, yet he did not deny that it has been used by consent of those who own the record title. It has also been used by plaintiff, by the children at a nearby school, and the workmen at a nearby sawmill, by other persons living in the neighborhood and by those who passed along the road. Defendant himself testified that it "has been open to the public for fifty years until he (plaintiff) built that fence across the road. . . . People all along the highway use water out of that spring." There is very little, if any, indication of adverse and exclusive possession here. Defendant used the spring more regularly and more extensively than others. Nonetheless, others used it as he did.

But there is a more vital defect in defendant's claim—a defect which clearly discloses a want of the requisite possession for the statutory period of 20 years.

Defendant purchased and went into possession of his tract in March 1928. This action was instituted 11 December 1945. However exclusive

and adverse his possession may have been, it has not continued for the requisite period and is therefore unavailing.

It is true there is evidence tending to show that his predecessor in title used the spring as he used it. But his deed did not convey or purport to convey the spring or the triangular tract upon which it is located. The description contained in defendant's deed does not embrace it. Hence there is no privity between him and his predecessors in title as to this land which lies outside the boundary of the land conveyed by them. Therefore, he is not permitted to tack their possession, even if adverse within the meaning of the law, to his possession so as to show adverse possession for the requisite statutory period. *Boyce v. White,* 227 N. C., 640; *Jennings v. White,* 139 N. C., 23; *Blackstock v. Cole,* 51 N. C., 560; *Johnston v. Case,* 131 N. C., 491; *Barrett v. Brewer,* 153 N. C., 547, 69 S. E., 614, 42 L. R. A. (N.S.), 403; *Vanderbilt v. Chapman,* 172 N. C., 809, 90 S. E., 993, L. R. A., 1917 C, 143; *Wallace v. Bellamy,* 199 N. C., 759, 155 S. E., 856; 1 A. J., 882.

"To show privity of possession, the latter occupant must enter under the prior one; *must obtain his possession* either by purchase or descent from him." *Barrett v. Brewer, supra,* and authorities cited.

The privity necessary to warrant the tacking of the possession of successive claimants by adverse possession must be created by grant, devise, purchase, or descent. *Vanderbilt v. Chapman, supra.*

It follows that defendant has failed to offer any evidence sufficient to warrant a finding that he is the owner and entitled to the possession of the triangular tract which, in the final analysis, is the only land in controversy. Hence the alleged errors committed by the court below upon which he relies are not prejudicial or harmful to him. The verdict and judgment must be sustained.

No error.