### D. R. BURNS v. LAWRENCE CRUMP AND WIFE, RUBY CRUMP.

#### (Filed 11 January, 1957.)

**1. Adverse Possession § 15—**

Where the land in dispute is not embraced within the description of the deed under which defendant claims, defendant may not use such deed as color of title to the disputed land, since a deed is color only as to the land designated and described therein.

**2. Appeal and Error §§ 24, 42—**

A statement of contentions which presents an erroneous view of the law applicable to the case constitutes prejudicial error.

**3. Deeds § 15—**

A statement after the description that the grantor "is to have a home on and full possession of said land as long as he lives," is insufficient to reserve a life estate in the grantor, the deed being otherwise a regular fee simple warranty deed.

**4. Adverse Possession § 6—**

Where the deed does not embrace within its description the land in dispute, the grantee is not entitled to tack possession of his grantor.

**5. Same—**

Where a grantor joins in the deed of his grantee to a third person under the mistaken assumption that he had reserved a life estate in the lands, his act in pointing out corners embracing the land in dispute, but not covered by the description, creates no privity between him and the second grantee upon which the doctrine of tacking possession may rest.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Sink, E. J.,* April-May Term 1956 of CALDWELL.

This is a civil action instituted by the plaintiff to recover for alleged trespass and damages against the defendants.

The plaintiff alleges that he is the owner in fee and in possession of the tract of land described by metes and bounds in his complaint, consisting of 80/100 of an acre, being a part of the land conveyed to Torrence Philyaw and wife, Cora Philyaw, by deed from G. W. Robbins and wife, Luna Robbins, dated 24 October 1939, recorded in the Registry of Caldwell County in Book 206, page 616. The plaintiff further alleges that since on or about 1 January 1954 the defendants have trespassed upon a part of said lands after having been notified verbally and in writing not to do so.

The defendants' answer denies title in the plaintiff and alleges ownership and title by adverse possession under color and that the defendants and their predecessors in title have owned, occupied and possessed said

disputed area of land adversely, under known and visible lines and boundaries continuously for more than twenty years.

The plaintiff introduced in evidence a deed from Torrence Philyaw and wife, Cora Philyaw, executed 21 September 1953, conveying to him the land described in the complaint, which deed was duly registered on the day of its execution in the office of the Register of Deeds of Caldwell County in Book 292, page 227. The plaintiff also introduced in evidence a deed dated 9 March 1920 from H. C. Gragg and wife, Viola Gragg, to G. W. Robbins, registered on the day of its execution and recorded in Book 99, page 392, in the Caldwell County Registry, conveying a 16-acre tract of land, which the plaintiff alleges the land in dispute is a part. Plaintiff likewise introduced in evidence a deed dated 24 June 1919 from W. C. Newland to H. C. Gragg for this same 16-acre tract of land, which deed was duly recorded in Caldwell County on 3 November 1922 in Deed Book 111, page 483.

The plaintiff's evidence tends to show that his immediate predecessors in title, Torrence Philyaw and wife, occupied and used the land now in dispute while they owned it and that the plaintiff has occupied and used it since he obtained his deed thereto on 21 September 1953, and that the deeds introduced by the plaintiff contain within their respective descriptions the land in dispute, which is less than one-tenth of an acre.

The defendants contend they own the land in dispute and that it is valuable to them because it is their only access to Gragg's Prong Creek to water their cattle.

The defendants claim title under deed dated 1 June 1944 which purports to be from J. P. Gragg, widower, and Effie Sims, widow, to Lawrence Crump, which instrument was duly recorded in Caldwell County on 12 June 1945 and described by metes and bounds a tract of land containing 45 acres, more or less. The defendants offered this deed in evidence. It clearly appears from the description contained in this deed and the court survey thereof, as shown on the map prepared by the court surveyor (Plaintiff's Exhibit No. 2), that the land conveyed in this deed, under which the defendant claims title, does not lie adjacent to the land in dispute. The nearest corner called for in the deed to the defendants is approximately 15 poles from the nearest corner in the disputed area.

The defendant also offered in evidence a deed dated 8 June 1938 from J. P. Gragg to Effie Sims conveying to her the identical 45-acre tract of land referred to above and in which deed the grantor, J. P. Gragg, inserted after the description of the land conveyed the following: "The above J. P. Gragg is to have a home on and full possession of said land as long as he lives." Otherwise, the deed is a regular fee simple warranty deed.

The defendants' evidence tends to show that their deed to the 45-acre tract of land does not cover the disputed area, but they contend that an error was made in the description in their deed and that it was intended to cover the disputed area.   They were permitted to offer evidence to the effect that they and their predecessor in title, J. P. Gragg, have held the disputed area in open, notorious, and adverse possession for more than twenty years.

The parties agreed to omit any issue as to damages.   Issues were submitted and answered as follows:

"1. Is the plaintiff the owner of and entitled to the possession of that parcel of land identified on the court map as A to 2 to 3, and back to A? Answer: No.

"2. "Is the defendant (Lawrence Crump) the owner of and entitled to the possession of that parcel of land identified on the court map as A to 2 to 3, and back to A?   Answer: Yes."

From the judgment entered on the verdict, the plaintiff appeals, assigning error.

*L. H. Wall and Hal B. Adams for plaintiff.*
*Townsend & Todd for defendants.*

DENNY, J.   The plaintiff sets out in his case on appeal 38 assignments of error.   We shall not undertake a *seriatim* discussion of them. In our opinion, the appeal may be disposed of by a consideration of only one of these assignments of error.

Assignment of error No. 24 is based on an exception to the following portion of the charge: "These defendants contend that the condition of their land discloses that error has been made in the description of boundaries and in the survey; that in truth and in fact the boundaries of their land go to a large rock on the East bank of Gragg's Fork or Prong of Johns River, to a large rock testified to, they contend, by numerous witnesses as being the corner of a tract of land that they contend they hold under color of title, and the Supreme Court says that color of title is defined as a paper writing (usually a deed) which professes and appears to pass the title, but fails to do so."

When the above instruction is considered in light of the contentions recited therein, coupled with the statement that "the Supreme Court says that color of title is defined as a paper writing (usually a deed) which professes and appears to pass the title, but fails to do so," we think it is susceptible to the construction that although the description in the deed does not include the disputed area, it may be considered as color of title thereto.

A deed which is color of title is such only for the land designated and described therein.   *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673;

*Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692. Hence, the law with respect to color of title is not applicable to lands not embraced in the description in such deed.

A statement of contentions which presents an erroneous view of the law applicable to the case, constitutes prejudicial error. *S. v. Grayson,* 239 N.C. 453, 80 S.E. 2d 387, and cited cases. This assignment of error will be upheld.

Ordinarily, we do not undertake to chart the course of a new trial. In the instant case, however, we think it is well to note that the plaintiff objected to and assigns as error the admission of certain testimony by Lawrence Crump to the effect that he bought the 45-acre tract of land from J. P. Gragg in June 1944 (as a matter of fact, he did not buy the land from J. P. Gragg but from Effie Sims), and that Gragg showed him where the corners were. The witness was permitted to testify with respect to the location of lines and corners which he contended should have been included in his deed and which would have embraced the land in dispute. Most of the lines and corners about which this defendant testified were not referred to in the deed to defendants; in fact, the description in the defendants' deed, according to the court survey thereof, appears to be a complete and accurate description of the 45 acres of land purported to be conveyed therein.

This evidence would have been admissible on the question of adverse possession if the defendants were in a position to tack the possession of their predecessors in title to their own claim of adverse possession. The evidence on this record tends to show that they have no such right. However, the case appears to have been submitted to the jury on the theory of tacking the adverse possession of predecessors in title without objection by the plaintiff.

There is no evidence which tends to show that Effie Sims ever claimed title to any land from 8 June 1938 until she conveyed the 45-acre tract of land to the defendants on 1 June 1944, except that described in her deed. Moreover, J. P. Gragg, under our decisions, retained no right, title or interest in the 45-acre tract of land he conveyed to Effie Sims on 8 June 1938, since the manner in which he attempted to retain a life interest in the land conveyed was ineffective. *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228; *Pilley v. Smith,* 230 N.C. 62, 51 S.E. 2d 923; *Johnson v. Barham,* 232 N.C. 508, 61 S.E. 2d 374; *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783. Therefore, on 1 June 1944, when J. P. Gragg joined with Effie Sims, widow, in the deed conveying the 45-acre tract of land to the defendants, he had no interest in the land conveyed.

A grantee in a deed is not entitled to tack the adverse possession of his predecessors in title as to a parcel of land not contained within the description in his deed, unless privity exists between the parties. No privity exists, under our decisions, between the defendants and their

predecessors in title as to the disputed area on the facts disclosed by the record on this appeal. *Boyce v. White,* 227 N.C. 640, 44 S.E. 2d 49; *Ramsey v. Ramsey,* 229 N.C. 270, 49 S.E. 2d 476; *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79; *Locklear v. Oxendine, supra; Newkirk v. Porter,* 237 N.C. 115, 74 S.E. 2d 235. Our decisions in this respect are in accord with the view expressed in 1 Am. Jur., pp. 880-882, and cited with approval in *Boyce v. White, supra:* "Several successive possessions cannot be tacked for the purpose of showing a continuous adverse possession where there is no privity of estate or connection of title between the several occupants . . . Privity, therefore, is essential. . . . A deed does not of itself create privity between the grantor and the grantee as to land not described in the deed but occupied by the grantor in connection therewith, although the grantee enters into possession of the land not described and uses it in connection with that conveyed."

Several other assignments of error are not without merit. However, since there must be a new trial, and the errors pointed out may not recur on another hearing, we deem it unnecessary to discuss them.

New trial.

JOHNSON, J., not sitting.