**FOREMAN v. SHOLL**

[339 N.C. 593 (1995)]

———————

KENNETH J. FOREMAN, JR., AND WIFE, MARY FRANCES O. FOREMAN, TRUSTEES UNDER DECLARATION OF TRUST DATED AUGUST 6, 1981 v. S.H. SHOLL, M.D., EDWARD HENRY SHOLL, ELEANOR B. DEEX, GEORGE A. McELVEEN, JR., B.G. NORTH, B.G. WORTH, MRS. BERNARD GERMANN, B.O. TOWNSEND, MRS. IKE C. LOWE, MRS. PAUL MOONEY, W.T. DENMAN, III, MARGARET G. DENMAN, JANIE C. WILLIAMSON, EL DORA WILLIAMSON, OEHLESE WILLIAMSON, JAMES WILLIAMSON, JAMES L. WILLIAMSON, JR., JOHN GATLING, MRS. W.J. JOHNSON, MRS. ETHEL HIGHSMITH, MRS. ANNIE BROOKS, GARNETT T. BROOKS, MRS. A.H. McCORMICK, JAMES A. McCORMICK, DOROTHY HARLAN McMILLAN, EUGENE MAXTON HARLAN, WILLIAM WADE HARLAN, JOHN BURKE HARLAN, VIRGINIA AUTEN DIXON, F.I. STONE, ANNE STONE BARNETTE, T.R. SAMPSON, ISABEL H. SAMPSON, J.M. DAVIS, LEO W. HEARTT, JOSEPH BROWN, TICER BROWN, RICHARD B. BRIGGS, MRS. ELLA R. SAMPSON, JAMES A. BLUE, MRS. BONNIE BLUE COVELL, E.B. McNEIL, J.L. McNEILL TRUST, J.J. McNEILL, JR., GEO. S. CROMARTIN, ARTHU[R] S. HARRIS, ANN TURNER CROMARTIE, R.H. COHN, MARY N. HOWERTON, J.R. HOWERTON, PHILIP T. HOWERTON, M.D., J.A. McLAUGHLIN, WAYNE M. CLEGHERN, DONALD W. WILSON, CHAS. A. DIXON, C.H. MORROW (OR MARROW), R.B. SLAVIN, J. DAVID WINGER, MRS. ROSA H. GREER, MRS. EVA M. HUMPHREYS, J.F. ROBERTSON, BILLY SHAW HOWELL, JR., MRS. E.G. HUTCHINSON, DR. CHARLES E. WALKER, CLARA H. CARSWELL HEIRS, J.H. HOWELL, E.Y. WEBB, R.G. VAUGHN, CYNTHIA VAUGHN PRICE, JOHN TRIMBLE, MATTIE C. SPENCER, MRS. LYNWOOD G. CRAIG, C.C. SPRINKLE, REV. J.C. SIMS, H.J. WATRONS, JIM WATRONS, J.E. GROVES, F.J. GOWDEY (OR GOWDY), HODGES C. GOWDEY, SLOCUM G. KENDALL (OR FRANCES SLOCUM GOWDEY), G.D. CLIFFORD, MARY E. LAZENBY, THOS. H. SOMERVILLE, JAMES DENWIDDIE (OR DENEVIDDIE ESTATE,) MISS LINDA (OR SUIDA) H. CHANEY, A.S. DE VLANING, MRS. THOMAS C. JOHNSON, R.E. CABELL, T.L. TRAWICK, C. B. MAHAN, ELIZABETH CHAFFIN, MISS FANNIE R. WILLIAMS, WM. C. BUCHANAN, ADAIR H. SANDERS, KATHLEEN ADAIR BROWN, MONTREAT CONCRETE AND BUILDING COMPANY, INC., C.H. ROBINSON & COMPANY, MONTREAT-ANDERSON COLLEGE, INC., AND MOUNTAIN RETREAT ASSOCIA-TION, INC.: TO EACH OF THE ABOVE, IF LIVING; IF DECEASED, TO THEIR HEIRS, DEVISEES, SUCCESSORS, TRANSFEREES, LEGAL REPRESENTATIVES OR ASSIGNS; AND TO THE SPOUSE OF EACH, IF ANY; AND TO THE BENEFICIARIES OR TRUSTEES OF EACH, IF ANY; AND TO ALL OTHER PERSONS, FIRMS, CORPORATIONS, ESTATES OR TRUSTS WHO NOW HAVE OR CLAIM, OR MAY

**FOREMAN v. SHOLL**

[339 N.C. 593 (1995)]

HEREAFTER CLAIM, ANY RIGHT, TITLE OR INTEREST OR ESTATE IN AND TO THE PROPERTY DESCRIBED HEREIN, WHETHER SANE OR INSANE, ADULT OR MINOR, IN ESSE OR NOT IN ESSE OR EN VENTRE SA MERE, RESIDENT OR NONRESIDENT OF THE STATE OF NORTH CAROLINA, LIVE CORPORATION OR DISSOLVED CORPORATION

No. 86A94

(Filed 10 February 1995)

**1. Appeal and Error § 203 (NCI4th)— denial of motion to supplement complaint—absence of notice of appeal**

The trial court's denial of plaintiffs' motion to supplement their complaint so as to satisfy the seven-year requirement for color of title was not before the appellate courts where plaintiffs failed to properly give notice of their intent to appeal the denial of their motion.

**Am Jur 2d, Appeal and Error §§ 290 et seq.**

**2. Appeal and Error § 451 (NCI4th)— dispositive issue decided by Court of Appeals—absence of dissent—appeal dismissed**

Plaintiffs' appeal in an action to quiet title based upon adverse possession under color of title is dismissed where the Court of Appeals held that the seven-year period under N.C.G.S. § 1-38 had not run at the time this action was instituted; there was no dissent as to this issue in the Court of Appeals; and this issue is dispositive of plaintiffs' appeal.

**Am Jur 2d, Appeal and Error §§ 702 et seq.**

Justice ORR did not participate in the consideration or decision of this case.

Appeal by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 113 N.C. App. 282, 439 S.E.2d 169 (1994), affirming an order granting defendants' motion for summary judgment entered by Lewis, J., on 28 May 1992, in Superior Court, Buncombe County. Discretionary review of an additional issue allowed by the Supreme Court 16 June 1994. Heard in the Supreme Court 10 January 1995.

FOREMAN v. SHOLL

[339 N.C. 593 (1995)]

*Kelly & Rowe, P.A., by E. Glenn Kelly, for plaintiff-appellants.*

*McGuire, Wood & Bissette, P.A., by Grant B. Osborne, for defendant-appellees.*

*Todd, Hefferon and Hefferon, by Thomas J. Hefferon, on behalf of George W. McCormick, amicus curiae.*

PER CURIAM.

On 25 May 1990, plaintiffs filed suit in Superior Court, Buncombe County, seeking to quiet title to fifty-nine tracts of land based upon their adverse possession of the land under color of title for more than seven years, pursuant to N.C.G.S. § 1-38 (1983). The trial court granted defendants' motion for summary judgment concluding, *inter alia*, that "in accordance with [section] 1-38," and "in view of the description in the deed upon which plaintiffs rely, there is no genuine issue of a material fact with respect to 'color of title.' " The trial court also denied plaintiffs' motion to supplement their complaint to allege that they had continued to hold adverse possession of the land since the institution of this action, thus satisfying the seven-year requirement for color of title.

The Court of Appeals affirmed the trial court's grant of summary judgment for defendants, concluding: 1) that the deed upon which plaintiffs relied for color of title did not contain an adequate description of the land; 2) that the seven-year statutory period under N.C.G.S. § 1-38 had not run at the time this action was instituted; and 3) that the appellate court was without jurisdiction to review the trial court's denial of plaintiffs' motion to supplement their complaint because plaintiffs failed to properly give notice of their intent to appeal on this ground. Judge Orr [now Justice Orr] dissented from the Court of Appeals' decision on two grounds: 1) that summary judgment for defendants was inappropriate because of the conflicting evidence presented by plaintiffs and defendants regarding the adequacy of the deed's description; and 2) that the trial court should have allowed plaintiffs' motion to supplement their complaint so as to satisfy the seven-year requirement for color of title.

Based on Judge Orr's dissent, plaintiffs appealed to this Court as a matter of right. On 16 June 1994, this Court granted plaintiffs' petition for discretionary review as to the second issue decided by the Court of Appeals: whether the seven-year statutory period under N.C.G.S. § 1-38 had run at the time this action was instituted. After

IN RE LEONARD

[339 N.C. 596 (1995)]

reviewing the record, briefs and oral arguments, we now conclude that plaintiffs' petition for discretionary review was improvidently allowed.

[1] With reference to their appeal based on the dissent in the Court of Appeals, plaintiffs contend that the trial court should have allowed their motion to supplement their complaint so as to satisfy the seven-year requirement for color of title. As noted by a majority of the Court of Appeals' panel, this question was not properly before that court, since plaintiffs failed to properly give notice of their intent to appeal the denial of their motion. Accordingly, this issue is also not properly before this Court. *See Falls Sales Co. v. Board of Transp.*, 292 N.C. 437, 443, 233 S.E.2d 569, 573 (1977).

[2] Plaintiffs also contend that the trial court erred in granting summary judgment for defendants because a genuine issue of material fact existed regarding the adequacy of the description in plaintiffs' deed. However, regardless of the adequacy of the description in plaintiffs' deed, summary judgment for defendants would still be proper if the seven-year statutory period had not run at the time this action was instituted. As noted earlier, the Court of Appeals held that the seven-year statutory period under N.C.G.S. § 1-38 had not run at the time this action was instituted. There was no dissent as to this issue, and this issue is dispositive of plaintiffs' appeal. Therefore, plaintiffs' appeal is dismissed.

DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED; APPEAL DISMISSED.

Justice ORR did not participate in the consideration or decision of this case.