IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-239

Filed: 16 April 2019

Wake County, No. 15 CVS 6560

DUKE ENERGY PROGRESS, INC., Plaintiff,

v.

JOHN M. KANE; KATHERINE K. KANE f/k/a KATHERINE KNOTT; DAVID E.
TYSON; TREVA W. TYSON; WILLIAM BATEHAM NICHOLSON, JR.; and
LAUREN ELIZABETH STANGE, Defendants.

Appeal by defendants from order entered 13 November 2017 by Judge R. Allen

Baddour in Wake County Superior Court. Heard in the Court of Appeals 30 October

2018.

*Parker Poe Adams & Bernstein LLP, by Jamie S. Schwedler and Michael J.
Crook, for plaintiff-appellee.*

*Law Offices of F. Bryan Brice, Jr., by F. Bryan Brice, for defendant-appellants.*

BRYANT, Judge.

Where plaintiff had a right to enter defendants' properties pursuant to a valid

easement, we affirm the trial court's ruling of summary judgment in favor of plaintiff.

In 1911, the predecessor to plaintiff Duke Energy Progress, Inc., recorded with

the Wake County Register of Deeds, an easement over a 50-foot strip of land for the

purpose of maintaining high-voltage power lines. The easement granted the right to

maintain, operate, and "keep in right" the easement (hereinafter "Easement

Agreement"). In addition, the Easement Agreement grants plaintiff "the right to

clear and keep cleared, at least fifty (50) feet of the said right of way, and the perpetual right to maintain, operate[,] and keep in repair the line . . . ." Over the next century, as the area developed, the property remained burdened by the easement.

Defendants David E. Tyson and Treva W. Tyson ("the Tysons") purchased their property in 1995. Defendants John M. Kane and Katherine K. Kane ("the Kanes") purchased their property in 2013. Both properties were subject to the recorded easement, which was in their chain of title and over which the power lines were visible. In 2017, the Kanes sold their property to defendants William Bateman Nicholson, Jr., and Lauren Elizabeth Stange (together "the Kane Successors"), who were made parties to the lawsuit. The Kanes remained named parties as permitted by Rule 25(d). We refer to all of the above, whose properties were subject to the recorded easement, collectively, as "defendants."

In late December 2014, plaintiff conducted routine maintenance of the power line and discovered two trees inside the 50-foot radius: a 44-foot tall willow tree on the Kanes' property and a 57-foot tall dawn redwood tree on the Tysons' property. The power line was 10 feet above the willow tree and 6 feet above the redwood tree. Due to their height, species, character, and proximity, plaintiff determined it was necessary to remove both trees because the power lines were susceptible to snag and could interfere with providing electricity to its customers. Plaintiff notified

defendants of its concerns that necessitated its intent to remove the trees and requested access to defendants' properties. Defendants denied plaintiff access.

On 18 May 2015, plaintiff filed a complaint for declaratory relief to enforce the Easement Agreement—specifically, for plaintiff to enter the properties and remove the trees. Plaintiff also sought a preliminary injunction to prevent defendants from interfering with plaintiff's entry onto their properties. On 4 June 2015, plaintiff's motion for preliminary injunction was granted in part as to the redwood tree and denied in part as to the willow tree. The trial court found that while the redwood tree presented eminent risk of damage to the power line, the willow tree was not likely to cause damage.

On 3 March 2016, plaintiff filed an amended complaint. In response, defendants filed an answer and asserted counterclaims including a color of title counterclaim, to wit: that "[t]he easement holder[,] under the terms of the easement agreement[,] abandoned the easement on or about the year 1914 by failing to occupy and use the easement-bound property." Plaintiff filed a motion to dismiss and reply to the counterclaims. By order dated 17 October 2016, the trial court dismissed defendants' color of title claim under the Marketable Title Act.

On 17 April 2017, plaintiff moved for summary judgment on all claims and counterclaims presented by defendants. Plaintiff requested the motion be granted on grounds that:

1. [Plaintiff] is entitled to judgment as a matter of law on its claim for Declaratory Judgment because the plain and unambiguous language of the easement agreement allows [plaintiff] to remove both trees at issue in this lawsuit;

2. [Plaintiff's] claim is not barred by the statute of limitations because [plaintiff] asserted its claim to remove an encroachment within the applicable twenty-year limitations periods; and

3. Defendants' counterclaims for a "prescriptive easement" and an "adverse easement" over their own property fails because, to the extent such claims exist under North Carolina law, there is no evidence of [d]efendants' hostile use of the easement area throughout the twenty-year prescriptive period.

Defendants also moved for summary judgment asserting plaintiff's action was barred by the statute of limitations. The cross-motions were heard before the Honorable R. Allen Baddour, Judge presiding, who granted plaintiff's motion and denied defendants' motion on 6 November 2017. Defendants appeal.

---

On appeal, defendants challenge the trial court's grant of summary judgment in favor of plaintiff contending that the Easement Agreement is ambiguous and presents a genuine issue of material fact.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of

law." *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and quotation marks omitted).

Rule 56 of the North Carolina Rules of Civil Procedure provides that any party is entitled to judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact[.]" N.C. Gen. Stat. § 1A-1, Rule 56(c) (2017). "In a motion for summary judgment, the evidence presented to the trial court must be . . . viewed in a light most favorable to the non-moving party." *Hart v. Brienza*, 246 N.C. App. 426, 430, 784 S.E.2d 211, 215 (2016) (citations and quotation marks omitted).

> A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. . . . If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.

*Id.*

## I. Statute of Limitations

First, defendants assert that plaintiff's claims are procedurally barred by the statute of limitations as both the willow tree and the redwood tree had been planted outside the statute of limitations. Defendants concede the twenty-year statute of limitations applies to the willow tree, but argue that the willow tree has been planted

for over thirty years–outside the period for plaintiff to assert claims. We note that since defendants filed for appellate review of the trial court's order, the willow tree has been felled. As the redwood tree remains in dispute, we will address defendants' issues as to the redwood tree only.

> Ordinarily, the question of whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. However, when the bar is properly pleaded and the facts are admitted or are not in conflict, the question of whether the action is barred becomes one of law and summary judgment is appropriate.

*Pembee Mfg. Corp. v. Cape Fear Const. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985) (internal citations omitted).

An easement, while considered to be an incorporeal hereditament, is also *real property* because it "implies an interest in the land" that grants a degree of control over a specified portion of land. *Duke Energy Carolinas, LLC v. Gray*, 369 N.C. 1, 6, 789 S.E.2d 445, 448 (2016). Our Supreme Court has stated an encroachment on an easement is considered an injury to that interest in real property and therefore, subject to N.C. Gen. Stat. § 1-40 (2017), which governs injuries to real property. *See id.* Specifically, where a plaintiff's claim does not allege damages for any injury to an easement but instead seeks to regain control over its use of the easement, such claims are subject to the twenty-year statute of limitations in N.C.G.S. § 1-40. *Id.*

Defendants, however, argue plaintiff's claims are subject to a shorter statute of limitations because color of title exists. Specifically, defendants argue N.C. Gen.

Stat. § 1-38 governs because plaintiff's title is defective–leaving ambiguity as to defendants' right to grow trees at their residences. As the redwood tree has been planted for over seven years, defendants argue plaintiff is barred from asserting claims. For the following reasons, we overrule defendants' argument on appeal.

Under N.C. Gen. Stat. § 1-38, no action shall be sustained against a possessor of real property that is known and visible under color of title for seven years. N.C.G.S. § 1-38 (2017). "Color of title is bestowed by an instrument that purports to convey title to land but *fails to do so*[.]" *White v. Farabee*, 212 N.C. App. 126, 132, 713 S.E.2d 4, 9 (2011) (emphasis added). "When the description in a deed embraces not only land owned by the grantor but also *contiguous land which he does not own*, the instrument conveys the property to which grantor had title and constitutes color of title to that portion which he does not own." *Price v. Tomrich Corp.*, 275 N.C. 385, 391, 167 S.E.2d 766, 770 (1969) (emphasis added).

Defendants' express statement in their brief contradicts their position that color of title exists: "[t]here is little dispute that [plaintiff], the current 'heirs, successors, and assigns', 'forever' holds this easement right for its stated purposes. There is little dispute that [plaintiff] has the right to maintain the lines." Accordingly, defendants mooted their statute of limitations claim based on color of title where they acknowledge plaintiff "forever holds [the] easement right" and "has the right to maintain the lines." Defendants' argument is overruled.

## II. Scope of Easement Agreement

Next, defendants argue the trial court erred in failing to determine the scope of the easement which would cause the "least injury" to defendants' residential property. We disagree.

"[T]he interpretation of documents, including deeds and wills, is generally an issue of law unless a document is ambiguous on its face and, as such, is also reviewable *de novo.*" *Simmons v. Waddell*, 241 N.C. App. 512, 518–19, 775 S.E.2d 661, 670 (2015). "When courts are called upon to interpret deeds or other writings, they seek to ascertain the intent of the parties, and, when ascertained, that intent becomes the deed, will, or contract." *Id. at* 520, 775 S.E.2d at 671 (citation and quotation marks omitted).

"An express easement in a deed, as in the instant case, is, of course, a contract." *Id*. (citation and quotation marks omitted).

> A contract which is plain and unambiguous on its face will be interpreted as a matter of law by the court. If the agreement is ambiguous, however, interpretation of the contract is a matter for the jury. Ambiguity exists where the contract's language is reasonably susceptible to either of the interpretations asserted by the parties.

*Id*. (internal citations and quotation marks omitted).

Here, the Easement Agreement delineates plaintiff's right to enter on the properties which also includes the right to clear any interferences affecting the easement:

> And the [grantors] bargain, sell, grant and convey unto [grantee] . . . the right to clear and keep cleared, at least fifty (50) feet of the [easement], and the perpetual right to maintain, operate, and keep in repair the [power] line or lines[.]" And the [grantee], his heirs, successors and assigns shall have the right to cut and remove on either said of the [easement] any timber, trees, overhanging branches, or other obstructions, which do or may endanger the safety or interfere with the use of the poles, towers, or fixtures or wires thereto attached[.]

Also within the Easement Agreement was a condition placed upon plaintiff's clearing right that stated, plaintiff "entering upon the [easement] over the land of the [grantors], shall do so at such place and manner as will do *the least injury* to the lands and crops of the [grantors].

On its face, there is little ambiguity in the language of the Easement Agreement and the circumstances surrounding its creation that the grantors intended for the grantees—now plaintiff—to access the land in order to "construct, operate[,] and maintain [the easement] for the purpose of transmitting electric or other power or telephone or telegraph lines[.]" The Easement Agreement expressly gives plaintiff a clear, unequivocal right to enter the land and clear any interferences consistent with the easement right. However, the condition noted above indicates that plaintiff's right is not absolute; and thereby, the removal must be justified and reasonable. *See Weyerhaeuser Co. v. Carolina Power & Light Co.*, 257 N.C. 717, 719, 127 S.E.2d 539, 541 (1962) ("When the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of

constructions, cannot reject what the parties inserted or insert what the parties elected to omit.").

In reviewing the record, we note the trial court's preliminary injunction order set forth evidence presented by plaintiff as to the redwood tree's interference with the easement and need to remove the tree:

> 3. A fifty-seven foot tall dawn redwood tree [] stands on [the Tysons' property] and also stands within [plaintiff's] easement. . . . The [redwood tree] reaches above the power line and is only six feet away from the power line horizontally. The [trial c]ourt finds as a fact that the [redwood tree] poses an eminent risk of contact with and damage to the power line.
>
> 4. The only safe way for [plaintiff] to remove the [redwood tree] is to come upon [the Tysons' property] and to station machinery, equipment, and personnel within the easement.

Additionally, the trial court in its conclusion of law stated:

> 4. [Plaintiff] has also shown that the issuance of a [p]reliminary [i]njunction is *necessary to prevent an irreparable injury, namely a widespread power outrage that could impact thousands of Wake County citizens*.

(emphasis added). The trial court's findings of fact and conclusions of law are not disputed by either party. Therefore, it remains a matter of record that the removal of the redwood tree was necessary to prevent irreparable injury to plaintiff's easement. Additionally, the entry onto the Tysons' property was within reason and the least injurious.

Alternatively, defendants have asked this Court to interpret broadly the condition within the Easement Agreement to mean that plaintiff is limited to what it can do within the easement. However, where the Easement Agreement is clear as to plaintiff's rights to the easement, we decline to impose further restrictions on that right. *See Gaston Cty. Dyeing Mach. Co. v. Northfield Ins. Co.*, 351 N.C. 293, 300, 524 S.E.2d 558, 563 (2000) ("[T]he courts must enforce the contract as written; they may not, under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for and found therein." (citation omitted)).

Accordingly, the trial court's ruling is

AFFIRMED.

Judge INMAN concurs.

Judge DIETZ concurs with separate opinion.

No. COA18-239– *Duke Energy Progress, Inc. v. Kane*

DIETZ, Judge, concurring in the judgment.

The majority correctly holds that the twenty-year limitations period in N.C. Gen. Stat. § 1-40 applies in this case, not the seven-year limitations period for possession under color of title in N.C. Gen. Stat. § 1-38. Color of title requires "a writing that purports to pass title to the occupant but which does not actually do so either because the person executing the writing fails to have title or capacity to transfer the title or because of the defective mode of conveyance used." *McManus v. Kluttz*, 165 N.C. App. 564, 568, 599 S.E.2d 438, 443 (2004). So in this case, the seven-year limitations period would apply only if Defendants could show that any of them acquired the property under a deed that purported to grant title free of Duke Energy's utility easement, although that easement in fact remained. Defendants have not made that showing; indeed, they concede that Duke Energy holds an easement across their property, they merely dispute the scope of that easement.

Likewise, the majority correctly holds that the easement is unambiguous and permits Duke Energy to clear trees within the path of the easement. The terms of the easement give Duke Energy "the right to clear and keep cleared, at least fifty (50) feet of the said right of way." There is no dispute that the redwood tree is within this fifty-foot right of way. Thus, as a matter of law, the easement permits Duke Energy to clear the redwood tree.

Defendants contend that Duke Energy's absolute authority to cut down any trees within the right of way is curbed by two separate provisions in the easement. The first states that Duke Energy "shall have the right to cut and remove *on either side* of the said right of way any timber, trees, overhanging branches, or other obstructions, which do or may endanger the safety or interfere with" the utility lines. This provision addresses trees *not* within the right of way, but whose branches extend into it. That is not the redwood tree in this case; that tree itself is inside the right of way.

The second provision states that Duke Energy "in entering upon said right of way . . . shall do so at such place and manner as will do the least injury to the lands." This provision protects *other* property that the company may encounter as it enters the easement to clear it; it does not limit the company's "right to clear and keep cleared" the right of way by cutting down any trees that are within it.

Because the language of the easement unambiguously permits Duke Energy to remove the redwood tree, I concur in the majority's opinion.