An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-104

Filed 3 December 2025

Mecklenburg County, No. 23CVS011771-590

CECILIA BRIEN, Plaintiff,

v.

SHANNON M. WINKLER LYNCH, et al., Defendants.

Appeal by Defendant from order entered 21 August 2024 by Judge Louis A. Trosch in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 August 2025.

> *Spengler & Agans PLLC, by Eric Spengler, for Plaintiff-Appellee.*

> *Lord & Lindley, PLLC, by Harrison A. Lord and Trey Lindley, for Defendant-Appellant.*

GRIFFIN, Judge.

This is a case about whether a piece of property in a neighborhood was adversely possessed. Defendant Shannon M. Winkler Lynch appeals from the trial court's order granting Plaintiff Cecilia Brien's motion for summary judgment and denying Defendant's motions to dismiss Plaintiff's claims. We affirm.

## I. Factual and Procedural Background

This case arises from an ownership dispute over a certain alley of real property between two separate properties owned by Plaintiff and Defendant. Plaintiff and Defendant are neighbors in a subdivision in Charlotte. Within the subdivision, a row of houses on a street called The Plaza meets a column of houses on Mimosa Avenue at an intersection. The houses on The Plaza face The Plaza, and the houses on Mimosa Avenue face Mimosa Avenue. Behind the houses on The Plaza, and abutting the left side of the house on Mimosa Avenue closest to the intersection, is an approximately ten-foot alley (the "Alley") initially devised as an appurtenant easement for use by subdivision property owners.

Plaintiff is the current owner of property located at 2115 The Plaza ("the Brien Property"), the backyard of which abuts the Alley. The rear of the Brien Property is accessible from Mimosa Avenue by the Alley. Defendant is the current owner of property located at 1608 Mimosa Avenue (the "Lynch Property"), which is the property closest to the intersection of Mimosa Avenue and The Plaza and abuts the Alley on its left side. When the dispute arose in this case, a gate located across the Alley toward the back of the Lynch Property obstructed access to the Brien Property from Mimosa Avenue.

Plaintiff purchased the Brien Property in February 2007. Plaintiff submitted to the court that, as of 2007, "there was no obstruction to the Alley" and she decided to purchase the Brien Property, in part, because she could access the rear of the Property by the Alley. Plaintiff asserts Defendant later constructed a gate and fence

across the Alley sometime in late 2016 or early 2017 and has since improperly excluded others' use of the Alley.

Defendant purchased the Lynch Property in August 2016 from the Pruitt family. Defendant submitted to the court that, when she purchased the Lynch Property in 2016, the gate and fence already existed across the Alley. Defendant further submitted that the Pruitt family, the prior owner of the Lynch Property, erected the gate and accompanying fence no later than July 1986, and the gate had openly excluded others' access to the Alley from Mimosa Avenue since then. Since 1986, the portion of the Alley between Mimosa Avenue and the gate (the "Annexed Alley") had been used by the owners of the Lynch Property exclusively. After she purchased the property, Defendant later repaired and replaced the gate and fence in the same location sometime in late 2016 or early 2017.

When the Pruitt family conveyed the Lynch Property to Defendant, the deed of trust (the "Lynch Deed") did not explicitly mention the Alley or the Annexed Alley. The Lynch Deed describes the property to be conveyed as the then-recorded description of the Lynch Property, including the property's identity as a plot within the subdivision. The recorded subdivision plat designates the Alley as an appurtenant easement for use as the subdivision's common property. Defendant took title to the Lynch Property subject to "[a]ny and all valid easements . . . of record."

Plaintiff initiated the present action by filing a complaint on 10 July 2023. Plaintiff later amended her complaint twice, finally filing her Second Amended

Complaint on 22 February 2024. The Second Amended Complaint requested the court instruct Defendant to remove the gate obstructing the Alley and provide an injunction against Defendant's further obstruction of the Alley. On 17 May 2024, Defendant responded with a motion to dismiss and an answer, contending Plaintiff's complaint failed to present a viable claim or was otherwise barred by adverse possession.

On 22 May 2024, Plaintiff filed a motion for summary judgment. On 21 August 2024, after a hearing on the matters, the trial court entered a written order granting Plaintiff's motion for summary judgment and denying Defendant's motion to dismiss.

Defendant timely appeals.

## II.  Analysis

Defendant appeals the trial court's order granting Plaintiff's motion for summary judgment and denying her motion to dismiss, arguing that each decision was made in error. The issues in this case concern the parties' rights to use the Alley for access to their property. Defendant primarily contends the Annexed Alley is her property acquired by a period of adverse possession which began prior to her purchase of the Lynch Property. Plaintiff contends the entire Alley remains the subdivision's common property; her easement to use it remains intact; and any period of successful adverse possession over the Annexed Alley is attributable only to the prior owner of the Lynch Property and does not affect either party's property rights.

### A. Rule 12(b)(6) Motion to Dismiss

We first address Defendant's arguments regarding the trial court's denial of her motion to dismiss Plaintiff's claims for failure to state a claim for which the courts can provide relief under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. *See* N.C. R. Civ. P. 12(b)(6) (2023).

Pursuant to Rule 12(b)(6), "dismissal is proper when the complaint, on its face, shows that no law supports the claim, that it lacks facts needed to make a good claim, or that the facts alleged defeat it outright." *Mauck v. Cherry Oil Co.*, ___N.C. ___, ___, 921 S.E.2d 109, 115–16 (2025) (cleaned up). In our review, "this Court examines 'whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory.'" *State ex rel. Stein v. Kinston Charter Acad.*, 379 N.C. 560, 572, 866 S.E.2d 647, 656 (2021) (citation omitted). "'Rule 12(b)(6) "generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery."'" *Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201 (2005) (citation omitted). We review the trial court's decision on a Rule 12(b)(6) motion to dismiss de novo. *Farmer v. Troy Univ.*, 382 N.C. 366, 369, 879 S.E.2d 124, 127 (2022) (citation omitted).

Defendant argues the trial court erred in denying her Rule 12(b)(6) motion to dismiss because Plaintiff's claims are unenforceable as a matter of law for two independent reasons: (1) "substantial change to the character of the subdivision as a whole;" and (2) Plaintiff's selective enforcement of her right to use the Alley.

Throughout her arguments, Defendant refers to the Alley as a "mutual restrictive covenant," and her arguments turn on law applicable to restrictive covenants. Despite Defendant's insistence "there is no legal distinction between a mutual restrictive covenant and an appurtenant easement," our law does recognize that, while it is possible for a mutual restrictive covenant to create an appurtenant easement on servient properties, not all appurtenant easements are mutual restrictive covenants. Each of Defendant's proffered reasons is inapplicable to this case because the Alley was devised as a positive easement over common property shared by all properties in the subdivision, not a restrictive covenant pertaining to an owner's use of his or her property. The trial court did not err by denying Defendant's motion to dismiss.

## B. Rule 56 Summary Judgment

We next turn to the trial court's decision to grant Plaintiff's motion for summary judgment.

This Court reviews the trial court's order granting summary judgment de novo, considering the evidence in the light most favorable to the non-moving party. *Da Silva v. WakeMed*, 375 N.C. 1, 10, 846 S.E.2d 634, 641 (2020) (citations omitted). A grant of summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2023).

An owner of a real property interest may be prevented from seeking to enforce that interest under the doctrine of adverse possession where they have failed to invoke it against trespassory use by another for an unreasonable time. N.C. Gen. Stat. §§ 1-38, 1-40 (2023). "Adverse possession under claim of right without color of title requires actual, open, notorious, continuous, and hostile possession for a period of at least twenty years." *Hinman v. Cornett*, 386 N.C. 62, 65, 900 S.E.2d 872, 874 (2024) (citing N.C. Gen. Stat. § 1-40 (2023)). But adverse possession under a claim of right supported by color of title, such as possession of a deed with description specifically including the disputed property, requires only a period of seven years. *Foreman v. Sholl*, 339 N.C. 593, 595, 453 S.E.2d 162, 164 (1995) (citing N.C. Gen. Stat. § 1-38 (1983)); *see Price v. Tomrich Corp.*, 275 N.C. 385, 391, 167 S.E.2d 766, 770 (1969) ("When the description in a deed embraces not only land owned by the grantor but also contiguous land which he does not own, the instrument conveys the property to which grantor had title *and constitutes color of title to that portion which he does not own.*" (emphasis added)). Our Courts have made clear that adverse possession over an easement is governed by the requirements set out in section 1-40 and 1-38:

> Our Supreme Court has stated an encroachment on an easement is considered an injury to that interest in real property and therefore, subject to [section 1-40], which governs injuries to real property. Specifically, where a plaintiff's claim does not allege damages for any injury to an easement but instead seeks to regain control over its use of the easement, such claims are subject to the twenty-year

statute of limitations in [section 1-40].

*Duke Energy Progress, Inc. v. Kane*, 265 N.C. App. 1, 5, 827 S.E.2d 312, 316 (2019) (discussing further that section 1-38 did not lessen the twenty-year period because the defendants' acknowledgements necessarily defeated the existence of color of title) (citing *Duke Energy Carolinas, LLC v. Gray*, 369 N.C. 1, 6, 789 S.E.2d 445, 448 (2016)).

The trial court granted Plaintiff's motion for summary judgment, holding Defendant did not have a right to obstruct others' use of the Alley.[1] In the light most favorable to Defendant, the evidence shows the Pruitt family erected the gate and fence obstructing the Alley no later than July 1986, and continuously and openly excluded others for over 20 years thereafter. The Lynch Deed conveyed the Lynch Property to Defendant in 2016, defining the property to be conveyed as "all of Lot 6 in Block 2 of that subdivision . . . as shown on a map thereof recorded in the Mecklenburg Public Registry in Map Book 230 at Page 208"—Lot 6 being the bounds and dimensions of the Lynch Property within the subdivision, not including the Annexed Alley. The only inclusion of the Alley within the Lynch Deed comes from its

---

[1] Defendant contends the trial court also erred by not granting summary judgment in her favor. Our review of the record reveals Defendant never made a motion for summary judgment to the trial court, and the court ruled only on Plaintiff's motion for summary judgment and Defendant's motion to dismiss. To the extent it may be argued Defendant's Rule 12(b)(6) motion to dismiss was converted to a Rule 56 motion for summary judgment, as is permissible under N.C. R. Civ. P. 12, the trial court did not err by denying summary judgment for Defendant.

Taking the facts in the light most favorable to Plaintiff, the gate and fence obstructing the Alley and sequestering the Annexed Alley were not constructed until after Defendant purchased the property in 2016. As discussed below, Defendant cannot prevail as a matter of law on this set of facts.

reference to the subdivision's plat, which includes the Alley as an appurtenant easement.

Defendant's obstruction of the Alley via the gate and fence cannot fulfill the time requirements for adverse possession with or without color of title. She acquired the Lynch Property in 2016 through the Lynch Deed. However, the Lynch Deed does not purport to convey the Annexed Alley to Defendant and thereby does not constitute color of title for that property. The undisputed facts show Defendant has not been in possession of the Lynch Property and the gate obstructing the Alley for at least twenty years.

Acknowledging this deficiency, Defendant contends the thirty-year period of time, from 1986 to 2016, that the Pruitt family obstructed the Alley can be applied to her because the Pruitt family "obtained perfect title to the [Annexed Alley]." Defendant alleges the Pruitt family obtained the Annexed Alley by adverse possession and, "once an adverse possessor takes actual, open, notorious, continuous, and hostile possession of real property for the relevant statutory period, legal title passes to him from the previous owner." *McKinney v. Goins*, 387 N.C. 35, 48 n.7, 911 S.E.2d 1, 11 n.7 (2025) (citation omitted). Finally, Defendant's argument concludes, the Brien Property's easement rights over the Annexed Alley were extinguished when the Pruitt family obtained legal title through adverse possession, and the Annexed Alley was later implicitly transferred to Defendant along with the Lynch Property.

But the Lynch Deed did not purport to transfer any ownership in the Annexed Alley alongside the Lynch Property to Defendants.

Defendant's argument requests this Court answer a question of first impression: Whether a successful adverse possession over an easement extinguishes that easement and merges it into mutually owned neighboring property, such that the adversely possessed property may be transferred by deed without specifically listing the adversely possessed property in the deed's description? We disagree with Defendant's novel framing of this issue and decline to address this question. Our Courts have repeatedly addressed similar circumstances as issues of adverse possession through tacking.

"Tacking is the legal principle whereby successive adverse users in privity with prior adverse users can tack successive adverse possessions of land so as to aggregate the prescriptive period of twenty years." *Dickinson v. Pake*, 284 N.C. 576, 585, 201 S.E.2d 897, 903 (1974). Ordinarily, privity between two successive adverse possessors may be shown by "'privity of possession,' defined as privity between parties in successive possession of real property, and 'privity of estate,' defined as a mutual or successive relationship to the same right in property, as between grantor and grantee or landlord and tenant." *Gonzalez v. Marfione*, ___N.C. ___, ___, 921 S.E.2d 175, 179 (2025) (cleaned up). However, North Carolina law allows a party claiming adverse possession to show continuous possession for the required amount of time by tacking only where the disputed property is included in the description on the deed

conveying title from the prior owner to the claiming party. *See Newkirk v. Porter*, 237 N.C. 115, 120, 74 S.E.2d 235, 238 (1953). Otherwise, "there is no privity between [the defendant] and his predecessors in title as to . . . land which lies outside the boundary of the land conveyed by them." *Ramsey v. Ramsey*, 229 N.C. 270, 273, 49 S.E.2d 476, 477 (1948).

In *Gonzalez v. Marfione*, this Court recently examined North Carolina's controlling precedent regarding tacking where the claiming party's predecessor in title did not explicitly convey title to the disputed property. *Gonzalez*, ___N.C. ___, ___, 921 S.E.2d 175, 178-183. This Court in *Gonzalez* noted that three prior decisions from our Supreme Court "express and clarify the rule that successive possessions of disputed land falling outside the description of a deed cannot be tacked, unless the party seeking adverse possession can establish 'privity of estate or connection of title' so as to support tacking." *Id.* at 181 (citing *Ramsey*, 229 N.C. 270, 272–73, 49 S.E.2d 476, 477–78; *Newkirk*, 237 N.C. 115, 120, 74 S.E.2d 235, 238; and *Burns v. Crump*, 245 N.C. 360, 360–61, 95 S.E.2d 906, 907–08 (1957)). Put simply: "'[u]nder North Carolina law, a party may *only* tack their possession on to that of a prior owner where the prior owner *actually conveys* their interest in the allegedly adversely possessed property.'" *Id.* at 182 (quoting *Lackey v. City of Burlington*, 287 N.C. App. 151, 157, 882 S.E.2d 582, 587–88 (2022)).

Here, Defendant cannot show privity of title with the Pruitt family with respect to the Annexed Alley. The Lynch Deed does not explicitly convey the Annexed Alley

to Defendant in addition to the Lynch Property. Rather, the Lynch Deed describes only the Lynch Property by reference to the subdivision's recorded plat. The subdivision's recorded plat explicitly includes the Alley as an appurtenant easement for use by all properties within the subdivision. Defendant's assertions that she purchased the Lynch Property with the understanding that she would also acquire ownership of the Annexed Alley is immaterial in light of our binding precedent. Defendant has put forward no evidence of a document purporting to convey title to the Annexed Alley. "Accordingly, there is no genuine issue of material fact as to possession of the [Annexed Alley], and [Plaintiff is] entitled to judgment as a matter of law." *Gonzalez*, ___N.C. ___, ___, 921 S.E.2d 175, 183.

Defendant lastly asserts Plaintiff should be barred from bringing her claim by the equitable defense of laches because Plaintiff knowingly waited fifteen years to contest Defendant's and the Pruitt family's obstructing use of the Annexed Alley and Defendant invested materially in the Annexed Alley by replacing the gate and fence. Laches is an affirmative defense "'[i]n equity, where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim.'" *Taylor v. City of Raleigh*, 290 N.C. 608, 622, 227 S.E.2d 576, 584 (1976) (citation omitted). A change in the condition of property must be "substantial enough to 'render it inequitable to enforce the claim.'" *Farley v. Holler*, 185 N.C. App. 130, 134, 647 S.E.2d 675, 679 (2007) (citations omitted). Assuming Plaintiff's delay in bringing this action was

significant to invoke laches, Defendant's assertion that she spent "significant money" to replace the gate and fence does not suffice as a substantial change required to rule for Defendant. *Cf. id.* (holding $100,000 expenditure to resurface and repair a street was substantial change); *Stratton v. Royal Bank of Canada*, 211 N.C. App. 78, 90, 712 S.E.2d 221, 231 (2011) (holding twenty-year delay in prosecution caused the defendant to lack necessary evidence, a substantial change which made it impossible for the defendant to meaningfully defend the action); *Abernethy v. Town of Boone Bd. of Adjustment*, 109 N.C. App. 459, 465, 427 S.E.2d 875, 878 (1993) (holding $250,000 expenditure to purchase business was a substantial change of position).

## III.   Conclusion

For the foregoing reasons, we hold the trial court did not err by granting Plaintiff's motion for summary judgment nor by denying Defendant's motion to dismiss.

AFFIRMED.

Judge CARPENTER concurs.

Judge MURRY concurs in part and concurs in result in part by separate opinion.

Report per Rule 30(e).

No. COA25-104 – *Brien v. Lynch*

MURRY, Judge, concurring in part and concurring in the result in part.

I concur with Section II.A of the majority's opinion because I agree that the Alley's original developers "devised [it] as a positive easement over common property shared by all properties in the subdivision." But I respectfully concur in the result only in Section II.B's rationale because *In re Civil Penalty*, 324 N.C. 373 (1989), compels my qualified partial concurrence in the wake of this Court's decision in *Gonzalez v. Marfione*, No. COA24-921, 2025 WL 2405151 (N.C. Ct. App. Aug. 20, 2025). I dissented in *Gonzalez* and continue to believe that *Burns v. Crump*, 245 N.C. 360 (1957), expressly adopted the majority viewpoint of continuous tacking impliedly recognized by *Vanderbilt v. Chapman*, 171 N.C. 809 (1916). However, the "factual differences" between *Gonzalez*'s disputed tract and the easement appurtenant here are likely too attenuated "to conclude that a different outcome is warranted" absent further Supreme Court clarification. Bryan A. Garner, *The Law of Judicial Precedent* 106 (2016).